A. L. DAVENPORT ET AL. v. JOHN JONES ET AL. | 126
| f 210

271
542

ERROR TO THE COURT OF COMMON PLEAS OF LUZERNE
COUNTY.

Argued April 16, 1889—Decided May 6, 1889.

A proceeding under the act of June 24, 1885, P. L. 152, whereby claim-
ants in possession of lands may rule purchasers to bring ejectment
within ninety days after rule granted is made absolute, is not accord-
ing to the course of the common law, and, as no provision for a writ of
error to the decision of the court is made, such writ will not lie.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and
MITCHELL, JJ.

No. 117 July Term 1888, Sup. Ct.; court below No. 143
January Term 1888, C. P.

On December 19, 1887, John Jones, Michael Bergin, Wil-
liam H. Cornell and Harry Cornell, by their attorney, Mr. G.
R. Bedford, presented their petition, under the act of June
24, 1885, P. L. 152, alleging that the title to certain real
estate was in them, and that they were in possession thereof;
that Asher L. Davenport and A. Byron Davenport claimed
ownership of the lands under a commissioner's sale of 583
acres of land assessed in the name of Daniel Seabert and
sold for taxes; praying for a rule upon the said Asher L. and
A. Byron Davenport to bring their action of ejectment within

ninety days after said rule should be made absolute, or show cause, etc. A rule to show cause was granted, and on January 6, 1888, the defendants filed an answer denying the averments of the petition and asserting that both title and possession of the premises claimed by the petitioners were in the respondents.

Depositions were taken and filed by both parties. Among other things it appeared that in 1886, William J. Harvey and H. H. Harvey, claiming to own the land in dispute, had filed a bill in equity for an injunction to restrain Asher L. and A. Byron Davenport, the present respondents, from cutting timber and exercising other rights of ownership over said land, and that that proceeding had terminated in a decree dismissing the bill.

After argument, the court, WOODWARD, J., on May 14, 1888, filed the following opinion:

This petition is founded on the act of June 24, 1885, P. L. 152, and the only question of importance raised by the petition and the answer thereto seems to be this: Are the petitioners in possession of the premises "by occupancy, lease, coverture, or otherwise?." If this question be answered in the affirmative by the evidence, then the plaintiffs are entitled to have granted a rule on the defendants to bring their action of ejectment within ninety days from the time the rule shall be made absolute. If the evidence does not establish such a possession in the plaintiffs as the act defines, then they are not entitled to have the order which they ask for.

Without going into the merits of the controversy as to the title to that portion of the Phineas Bradley tract now in dispute, or expressing any opinion upon the subject, which might amount to a pre-judgment, we content ourselves with the statement that the depositions show:

1. That at the time of filing the present petition the plaintiffs were in possession of the portion of the Phineas Bradley tract in dispute, and had erected thereon a saw mill, a dwelling house and a barn.

2. That the tract of land, of which the premises in dispute form a part, was sold to the defendants by the commissioners of Luzerne county at a commissioners' sale on the 5th November, 1885, and that this sale was followed by a deed to them, acknowledged 24th December, 1885.

These facts being clearly established by the depositions, it is not necessary for us to consider any of the questions which relate to the validity of the title, either of the plaintiffs or the defendants, or the effect of the proceedings in equity heretofore had relative to the continuance of the injunction.

The rule is made absolute.

An exception to the foregoing order having been sealed, the respondents took this writ, specifying that the court erred:

1. In making absolute the rule granted December 19, 1887.

2. In not deciding that this proceeding was contrary to the 7th amendment of the constitution of the United States, providing for trial by jury.

3. In not deciding that this proceeding was contrary to article I, § 6, of the constitution of Pennsylvania, which provides that " Trial by jury shall be as heretofore and the right thereof remain inviolate."

4. In not deciding that the fact of possession was passed upon by a competent master and his findings affirmed by the court in the equity proceedings, and that this proceeding was res adjudicata.

5. In finding as a fact, " that at the time of filing the present petition the plaintiffs were in possession of that portion of the Phineas Bradley tract in dispute, and had erected thereon a saw mill, a dwelling house and a barn."

6. In taking jurisdiction of this proceeding, it being a proceeding to determine the possession of land in an equity case without the intervention of a jury.

*Mr. Q. A. Gates* (with him *Mr. Michael Cannon*), for the plaintiffs in error.

*Mr. G. R. Bedford* and *Mr. A. Farnham*, for the defendants in error.

OPINION, MR. JUSTICE STERRETT:

This proceeding under the act of June 24, 1885, P. L. 152, is not according to the course of the common law. It is well settled that a writ of error does not lie in such cases, unless it is expressly provided for. No such provision appears to have

been made either in that or any other act. It follows, therefore, that the questions intended to be raised are not properly before us. They may perhaps arise hereafter on writ of error to final judgment in the action of ejectment, in case the same is brought either within the time required by the act or afterwards, and the judgment is adverse to plaintiffs in error, but, inasmuch as there is nothing properly before us, at present, we forbear to express any opinion on the subject.

Writ of error quashed.