# Gabler v. Black, Appellant.

*Appeals—Interlocutory order—Quashing appeal—Ejectment—Rule to bring ejectment—Acts of March 8, 1889, P. L. 10, and May 25, 1893, P. L. 131.*

No appeal lies from an order of the court of common pleas making absolute a rule granted under the Act of March 8, 1889, as amended by the Act of May 25, 1893, P. L. 131, to bring an action of ejectment within six months. The order is interlocutory and an appeal from it is not allowed by either of the acts of assembly under which the rule was granted.

Appeal No. 155, Oct. T., 1904, by defendants, from order of C. P. Greene Co., making absolute rule to bring ejectment in case of Benjamin F. Gabler and Thomas C. Gabler v. James A. Black et al. Appeal quashed.

OPINION BY MR. JUSTICE MESTREZAT, December 31, 1904:

The motion to quash this appeal must prevail. This is a proceeding instituted by the plaintiffs under the Act of March 8, 1889, P. L. 10, entitled " An Act to settle title to real estate," as amended by the Act of May 25, 1893, P. L. 131, to compel the defendants to bring an action of ejectment for the coal underlying a tract of land in Monongahela township, Greene county. The plaintiffs aver in their petition that they are the owners, have title to and are in sole possession of the coal and that the defendants are not in possession but " claim some interest in, or title to, the coal underlying said tract of land." The petition having been presented to the court, a rule was granted on the defendants, as provided in said acts of assembly, requiring them, and each of them, to bring an action of ejectment for the premises against the plaintiffs within six months or show cause why the action could not be brought. An answer was filed by the defendants in which it was averred that James A. Black, one of the defendants and the grantor of the other defendants, was the sole owner in fee of the coal described in the petition and is and has been for many years in possession of it. The learned trial court subsequently entered an order making the rule absolute. From this order James A. Black, one of the defendants, has taken this appeal.

This proceeding being statutory and not according to the course of the common law no appeal, formerly called a writ of error, lies to the action of the court below unless expressly provided by statute: Davenport v. Jones, 126 Pa. 271. Neither of the acts of assembly under which the proceeding was begun and carried on authorizes an appeal to this court and we know of no other statute giving such authority. Davenport v. Jones, supra, was a proceeding under the Act of June 24, 1885, P. L. 152, which authorizes claimants in possession of land to rule purchasers to bring ejectment within ninety days after the rule granted is made absolute. The trial court made the rule absolute in that case and the writ of

error taken to the action of the court was quashed. The case, it will be observed, is similar to the one in hand. Mr. Justice STERRETT, delivering the opinion, says: "This proceeding under the Act of June 24, 1885, P. L. 152 is not according to the course of the common law. It is well settled that a writ of error does not lie in such cases unless it is expressly provided for. No such provision appears to have been made either in that or any other act. It follows, therefore, that the questions intended to be raised are not properly before us."

In proceedings under the acts of 1889 and 1893, the rule, issued against the party out of possession, requires him to bring his action of ejectment within six months from the service of the rule to show cause why the same cannot be brought. If the rule is made absolute, the party must bring his ejectment within the time designated in the rule. But the order of court making the rule absolute is not a final adjudication of the party's interest in, or title to, the premises. Its effect is simply to compel him to institute his action of ejectment so that his title to the premises may be determined. The suit having been brought, the cause then proceeds to trial and final judgment, from which, if unsuccessful, he may then appeal.

If, however, the party against whom the rule is made absolute neglects or refuses to bring the action, the other party may at the expiration of the six months from the service of the rule, apply to the court and have judgment entered against the party in default, which judgment, as provided in the statute, "shall be final and conclusive between the parties, their heirs and assigns ; and thereafter no action of ejectment for the recovery thereof shall be brought by such person claiming an interest in, or title to, such real estate, or any person claiming by, from or under such person." This is a final judgment which the party aggrieved may, if he desire, have reviewed on appeal.

The appeal is quashed.