METZGAR et ux. v. McCOY.

(Circuit Court, D. Pennsylvania. January 19, 1901.)

No. 30.

1. SUIT TO QUIET TITLE—TITLE OF PLAINTIFF.

Where the plaintiff has only been in possession of real estate for a short time, and acquired title thereto by conveyance during the suit, or after an adverse judgment was obtained in ejectment against his grantor by the present defendant, and nothing is suggested in plaintiff's bill to quiet title which was not available as a defense in the ejectment suit, a demurrer will be sustained thereto.

2. SAME—ADEQUATE REMEDY AT LAW.

Act March 8, 1889 (P. L. 11), as amended by Act May 25, 1893 (P. L. 131), authorizing the person in possession of real estate to obtain a rule on an adverse claimant to commence ejectment within six months, and empowering the court entering the rule to enter final judgment if such action is not commenced, provides a remedy at law which prevents the plaintiffs in possession from maintaining a suit to quiet title.

In Equity. Sur demurrer to bill.

J. M. Stoner, for complainants.

John M. Buchanan and Hice & Hice, for respondent.

ACHESON, Circuit Judge. Under the jurisdiction and practice in equity, independently of statute, to maintain a bill quia timet to remove a cloud upon the title to real estate, or a bill of peace, the plaintiff must show a clear legal title, as well as possession. Alexander v. Pendleton, 8 Cranch, 462, 3 L. Ed. 624; Orton v. Smith, 18 How. 263, 15 L. Ed. 393; Frost v. Spitley, 121 U. S. 552, 556, 7 Sup. Ct. 1129, 30 L. Ed. 1010. The bill here shows possession of brief duration in the plaintiffs, but falls far short of showing such a clear title

in them as would justify the interference of a court of equity. The plaintiffs' title has never been established at law. On the contrary, it appears that, in an action of ejectment in a court of competent jurisdiction brought by this defendant against parties in possession of the land under whom the present plaintiffs claim, there was a verdict for the plaintiff therein, and a judgment in his favor. Thus, in the only trial at law concerning this land which has taken place, the verdict and judgment were against the title which the plaintiffs in this bill set up as the foundation of the relief sought by them. These plaintiffs took a conveyance from the defendants in that ejectment either pendente lite or after the adverse judgment was rendered. Clearly, the plaintiffs stand in the shoes of the defendants in the ejectment, and such possession of the land as they had when they filed their bill was at the mere sufferance of this defendant, who had a right to a writ of habere facias possessionem. Nothing is suggested in the bill against the defendant's title which was not available as a defense in the action of ejectment. The judgment at law cannot be annulled or defeated by a court of equity upon the showing of this bill. Moreover, in any view that could be taken of the title of the plaintiffs, they are not remediless at law. Under the Pennsylvania act of March 8, 1889 (P. L. 11), as amended by the act of May 25, 1893 (P. L. 131), a party in possession of land upon application to the proper court of common pleas may obtain a rule upon a person not in possession who claims title to bring an action of ejectment within six months from the service of the rule, and on failure to comply with the rule the court is empowered and required to enter a final and conclusive judgment as between the parties. There must be judgment for the defendant upon the demurrer. Let a proper decree be drawn.