# Utley, Appellant, *v.* Cobb.

*Ejectment—Rule to bring action—Laches—Quashing writ of ejectment.*

Where a person is ruled to bring an ejectment, as provided by the Act of March 8, 1889, P. L. 10, as amended by the Act of April 16, 1903, P. L. 212, and he fails to do so until more than six months have expired from the time the rule was made absolute, and, then, without any permission of the court, he issues a writ of ejectment, such writ will be quashed.

Submitted March 9, 1910. Appeal, No. 37, March T., 1910, by plaintiff, from order of C. P. Lackawanna Co., Sept. T., 1910, No. 1,464, quashing writ of ejectment in case of William Utley v. James A. Cobb. Before RICE, P. J., HENDERSON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Rule to quash writ of ejectment.

NEWCOMB, J., filed the following opinion:

The regularity of the writ is attacked because it was issued more than six months after plaintiff had been ruled to bring his action. That proceeding was had to No. 658 January Term, this year, and this should have been given the same number. The rule was taken under the Act of March 8, 1889, P. L. 10, as amended by that of April 16, 1903, P. L. 212. It was duly served on plaintiff January 4. After answer and hearing, it was made absolute January 28. The six months expired July 4, and the action was brought August 25.

The present motion is contested only on the ground that the time was extended by an informal order of court, not in writing nor founded on any application in writing. It is only alleged that within ten days after the time expired such order was made at plaintiff's request. It is to be noticed there is no claim that the extension was specific, or for any definite period. The reason for that will appear.

We think this is no answer to the motion to quash. Yet it is true that an informal request was made as alleged, and at that time the court indicated a willingness to allow it. But this was followed by no application in form and, therefore, we had no occasion to examine the question involved until the present motion challenged the writ, which seems to have been issued by plaintiff at his own convenience without further ceremony or concern in the premises.

Clearly his status is not that of a party to whom, on reasonable cause shown, an extension had been granted pending the six months. Had that been done, and, on the faith of the order he had suffered the statutory time to go by, a different question might be presented. But here no advantage has been lost by reason of the supposed order. Plaintiff was not thereby lulled into a false sense of security. For the time having then fully run he had no legal right to lose.

The informality of the order may be waived. For the purpose of discussion it may be assumed that an order in due form was made and filed extending the time, say, to September 1, and that the motion now is to vacate it. We are dealing then with an express limitation of a right of action as defined by statute. The question arises: By what authority may the court meddle with that, either by extending or shortening the period so limited? Certainly by none appearing on the face of the statute. True, what might happen if the six months should expire, without suit brought, while a rule is pending which should in the end be made absolute, is as yet an open question. It would seem quite unreasonable to deny a party the poor privilege of awaiting the disposition of the rule before going to law. It is possible a case might in that way arise where suit would be considered well

486          UTLEY, Appellant, *v.* COBB.

Opinion of Court below—Opinion of the Court.    [42 Pa. Superior Ct.

brought after the six months had run. Where in such case suit was brought after the time had run, but before the rule was disposed of the Supreme Court sustained it by holding that the rule was properly discharged upon suit being entered: Herron v. Fetterman, 14 W. N. C. 480. But there is no analogy between the present case and the one supposed; and the case cited involved no attempt to enlarge the terms of the statute by mere order of court. Questions springing from the exigencies of procedure over which the party has no control can be dealt with only when they arise. The rule here was disposed of within six months. No doubt the statute contemplates that, and, if made absolute, that plaintiff shall have whatever time remains in which to sue, after which he is concluded: Gabler v. Black, 210 Pa. 541. Had it been intended that the six months should be subject to extension by the court it would have been so provided, as in analogous instances. In the absence of such provision an attempt to extend the time would be a mere arbitrary assertion of judicial authority. Hence the order as assumed in this case was ultra vires and void.

Let the writ and this motion be renumbered and filed as of No. 658 January Term, 1909; thereupon the motion is allowed and the writ quashed.

*Error assigned* was order making absolute the rule to quash the writ.

*A. A. Vosburg*, with him *Chas. W. Dawson*, for appellant.

*L. P. Wedeman* and *I. H. Burns*, for appellee.

Per Curiam, April 18, 1910:

This is an appeal from an order making absolute a rule to show cause why a writ of ejectment should not be quashed. The appellant's counsel raise no question as to the jurisdiction of the court to quash the writ, if the plaintiff was barred from maintaining the action by the proceeding under the Act of March 8, 1889, P. L. 10, as amended by the Act of April 16,

1903, P. L. 212, or as to the propriety of raising the question of conclusiveness in this way.

They state the question involved as follows: "Does the court of common pleas have jurisdiction to extend the time within which ejectment shall be brought upon a rule to bring ejectment, under the Acts of 1889 and 1903?" Their argument against the order appealed from is based on the contention that the court has the power to extend the time and that it was exercised in this case. We shall consider the case as they present it. It is apparent that in the proper consideration and disposition of the question argued, the record and proceedings upon the rule on plaintiff to bring his action of ejectment should have been printed in the appellant's paperbook. But waiving this irregularity and considering the case upon the uncontradicted statement of facts contained in the opinion of the learned judge of the common pleas, which should be read in connection with this opinion, it is seen that there was ample time after the rule was made absolute for the plaintiff to bring his action within six months from the service of the rule upon him, as the act prescribes, and it is admitted by appellant's counsel that the oral application to the court was not made until after the six months had expired. Not even then, nor at any time, was an order entered of record or orally made extending the time for any definite period. What was done, as stated by the learned judge, was that "an informal request was made and that the court indicated a willingness to allow it. But," he goes on to say,"this was followed by no application in form and, therefore, we had no occasion to examine the question involved until the present motion challenged the writ, which seems to have been issued by plaintiff at his own convenience without further ceremony or concern in the premises." Under these circumstances the court committed no error in holding that the facts alleged did not constitute a sufficient answer to the motion to quash. We therefore need not consider what would have been the effect of an order made upon cause shown before the six months had expired extending the time for a definite period.

The order is affirmed at the costs of the plaintiff.