# In re Foster's Petition.

*Statutes—Construction—Reasonable and absurd results—Literal or natural meaning—Legislative intent.*

1. It is a settled rule of construction that the legislature will be presumed to have intended what is reasonable and effectual and not what is productive of absurd or anomalous consequences, or what is impossible or incapable of execution. If in giving to the words of an act their literal or natural meaning the conclusion reached would be unreasonable or absurd, some other meaning within the reasonable scope of the words may be adopted to avoid that result, if it appears that such other meaning may probably have been the one intended.

*Real property—Rule to bring ejectment—Answer to rule—Final judgment—Acts of March 8, 1889, P. L. 10, and April 16, 1903, P. L. 212.*

2. The Act of March 8, 1889, P. L. 10, as amended by the Act of April 16, 1903, P. L. 212, providing that "whenever any person, not being in possession thereof, shall claim or have an apparent interest in or title to real estate, it shall be lawful for any person in possession thereof, claiming title to the same, 'to take a rule on such person' to bring his or her action of ejectment within six months from the service of such rule or show cause why the same cannot be brought, 'and that in default of appearance' it shall be the duty of the court to enter judgment against the person served and make the rule absolute, which judgment shall be final and conclusive between the parties, their heirs and assigns," was not intended to provide that where a respondent to the rule has appeared and filed an answer denying the jurisdiction of the court, which answer is subsequently adjudged insufficient and the rule is made absolute, that final judgment should be entered forthwith against the respondent in case the action of ejectment has not been brought within six months from the service of the rule.

3. Where in such a proceeding there is an appearance entered and an answer filed on the return of the rule, the court is required to hear and determine the sufficiency of the answer and if the answer is adjudged insufficient and the court orders the rule made absolute, the respondent has six months from the date of the order making the rule absolute within which to bring his action of ejectment before judgment can be entered against him.

Argued Oct. 13, 1913. Appeal, No. 14, Oct. T., 1913, by petitioner, from judgment of Superior Court, Apr. T., 1912, No. 31, reversing judgment of C. P. Indiana Co., Sept. T., 1910, No. 26, in re petition of Andrew Foster for rule on W. H. H. Smyers, to bring action of ejectment. Before FELL, C. J., BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Appeal from the Superior Court.

The facts appear by the opinion of RICE, P. J., 51 Pa. Superior Ct. 224, and by the opinion of the Supreme Court.

The court reversed the judgment of the Court of Common Pleas in favor of petitioner. Petitioner appealed.

*Error assigned* was the judgment of the Superior Court.

*W. F. Elkin,* of *Langham, Elkin & Creps,* with him *W. C. Chapman,* for appellant.

*David Blair Taylor,* with him *Jeff. G. Wingert,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, January 5, 1914:

Andrew Foster filed a petition in the court below averring that he was the owner and in possession of a certain tract of land in North Mahoning Township, Indiana County; that W. H. H. Smyers claimed title to a portion of the said tract of land containing from one-third to one-half an acre; that he was desirous of settling the title to the portion of land in dispute; and prayed for a rule on Smyers to bring an action of ejectment within six months or show cause why the same could not be brought. The rule was granted June 9, 1910, returnable on the first day of the next term, which was September. It was served on July 1, 1910. Smyers appeared on the return day of the rule and filed an answer

in which he set up certain reasons why the action should not be brought. He denied that Foster was the owner of the land in dispute, averred that he was the owner of the land, denied that it was within the fence lines of Foster's land and had ever been cultivated by him. He denied that Foster had been in possession of the land for twenty-one years, and averred that it was within the bounds of the tract owned by himself. The case was placed on the "hearing list" for February 7, and May 2, 1911. On May 8, 1911, more than ten months after service of the rule, the court on motion of Foster's counsel made the rule absolute and entered judgment in his favor against the respondent on the ground that the latter had not brought his action of ejectment within six months from the time of the service of the rule and had not shown cause why such action could not be brought within that time. The respondent, Smyers, appealed to the Superior Court which reversed the judgment of the Common Pleas, and modified the order making the rule absolute so as to apply only to a certain piece of the land described in the petition, and remitted the record with direction to enter judgment against the respondent unless he brought his action of ejectment within thirty days therefrom. Foster has appealed from that judgment to this court.

This proceeding was instituted under the Act of March 8, 1889, P. L. 10, as amended by the Act of April 16, 1903, P. L. 212. The Act of 1903 provides that "Whenever any person, not being in possession thereof, shall claim or have an apparent interest in or title to real estate, it shall be lawful for any person in possession thereof, claiming title to the same, to make application to the Court of Common Pleas of the proper county, whereupon a rule shall be granted upon said person not in possession, to bring his or her action of ejectment within six months from the service of such rule upon him or her, or show cause why the same cannot be so brought; which rule may be made returnable to any

term or return day of such court;......." The second section of the Act of 1889 provides that "Whenever a person claiming an interest in, or title to, such real estate, shall have been served and shall fail to appear and show cause why such action cannot be brought within six months after such service, it shall be the duty of the court to enter judgment against the person served and make the rule absolute, which judgment shall be final and conclusive between the parties, their heirs and assigns;......"

The disposition of this appeal depends upon the construction of the act of assembly just quoted which was passed for the purpose of providing a method, as its title discloses, for settling title to real estate. At common law an owner of real estate in possession could not have his disputed title adjudicated by an action at law nor compel the adverse claimant to bring ejectment. He could not "bring on the battle," but was compelled to await the action of his adversary to have the cloud removed from his title. Recognizing the manifest injury to the party in possession of real estate incident to the delay caused by the failure of the party out of possession to assert his claim, the assembly within recent years has enacted legislation to meet the hardships in such cases by passing the acts entitled "An act to settle title to real estate," approved March 8, 1889, P. L. 10, and "An act to provide for the quieting of titles to land," approved June 10, 1893, P. L. 415. This legislation enables the owner in possession to compel his adversary to assert his title within the prescribed time and failing to do so he is thereafter debarred from attacking his opponent's title by bringing an action for the premises. The legislation affords the owner in possession speedy and ample relief for quieting his title, and being remedial should be interpreted so as to accomplish the purpose without prejudice to the rights of either party to the controversy.

Under the provisions of the Act of 1889 the proceed-

ing is instituted, as will be observed, by the party in possession. On his application, a rule is granted on the person not in possession to bring his action of ejectment within six months from the service of the rule or show cause why the same cannot be brought. This rule is made returnable to any term or return day of the court. The rule being served, the respondent must bring his action or appear at the return day and show cause why it cannot be brought. If he declines to bring the action, he must pursue the other alternative. If he does appear and files an answer which he believes and is advised by counsel does show sufficient cause for not bringing the action, as in the present case, what is the next step in the procedure? The statute does not provide and we must be guided by the familiar practice in analogous cases. The respondent has done all that the statute requires of him, and an issue is formed which can only be decided by the court. He has appeared as commanded in the rule and submitted himself to the judgment of the court. He as well as his adversary must await the decision, and he is not in default and cannot be penalized for not acting until he fails to comply with the adjudication of the court. If the court determines that his answer to the rule is sufficient the proceeding is at an end and no further action is required of him; but if it determines that the answer does not show sufficient reason for not bringing the action and makes the rule absolute, the respondent must obey the judgment or suffer the statutory consequences. It is, therefore, apparent that where the respondent appears in obedience to and within the time prescribed by the rule and files an answer denying the jurisdiction of the court to compel him to proceed under the statute, he is not and cannot be adjudged to be in default until the court has entered its judgment disposing of the rule to bring the action. The command of the rule is that he bring the action or appear and show cause why it cannot be brought. The sufficiency of the answer can only be de-

termined by the court which granted the rule. It fol-
lows, under the established practice, that the court must
dispose of the rule before it can enter judgment by
default on the part of the respondent. If this conclu-
sion be correct we think it clear that the respondent
must have an opportunity to comply with the order of
the court if the rule is made absolute and he is required
to bring his ejectment. To hold otherwise would, in the
language of the authorities, lead to injustice and to
absurdity, and convict the legislature of having intended
what is productive of absurd or anomalous conse-
quences. Why make the rule absolute requiring the
respondent to bring the action, if by the same order final
judgment is entered against him and he is thereby pre-
vented from complying with the order? It would
indeed be absurd for the court to command him to bring
the action and at the same time enter judgment against
him preventing him from doing so. It would also be
the grossest injustice which cannot be tolerated by any
court, even with legislative sanction. Judge ELWELL,
the learned president of the Common Pleas, discussing
a similar situation in discharging the rule to show cause
in Herron v. Fetterman, 3 Walk. 103, which we affirmed,
said (p. 106): "A party and his counsel might in good
faith conclude that the facts known to them consti-
tuted a good reason why an action could not be brought
within ninety days, and yet if we are to give to the
statute the sharp and stringent construction here con-
tended for—if the judge hearing the rule should be of a
different opinion, the doors of the court are forever
closed against it. A heavy penalty for a mistake in
judgment, or rather for differing with the judge as to a
proper conclusion upon facts." Yet this is the conten-
tion of the appellant in this case, sustained by the
learned judge of the Common Pleas. He held, as sug-
gested above, that the action must be brought within six
months of the service of the rule to show cause why it
cannot be brought, notwithstanding he had not within

that period disposed of the rule and determined that the respondent must bring the action.

The only default for which the court is authorized to enter judgment against the respondent is when he "shall have been served and shall fail to appear and show cause why such action cannot be brought within six months after such service" of the rule. It is contended by the appellant that if for any cause the rule is not heard and disposed of within six months after its service, and it is then made absolute, judgment must be entered forthwith against the respondent. If the wording of that part of the statute relied on by the appellant is to be followed and construed literally, there is ground for his contention. This interpretation, however, overlooks and disregards certain well settled rules of statutory construction. Where an adherence to the strict letter would lead to injustice, to absurdity, or to contradictory provisions, the duty devolves upon the court of ascertaining the true meaning: 36 Cyc. 1107. It is fundamental that if, giving to the words of an act their literal or natural meaning, the conclusion reached would be unreasonable or absurd, some other meaning within the reasonable scope of the words may be adopted to avoid that result, if it appears that such other meaning may probably have been the one intended: Rossmiller v. State (Wis.), 91 Am. St. Rep. 910, 913. It is a settled rule of construction that the legislature will be presumed to have intended what is reasonable and effectual, and not what is productive of absurd or anomalous consequences or is impossible and incapable of execution. It is apparent, we think, that the legislature intended by the Act of 1889 that there should be no default until six months after the respondent had notice of the rule and it had been judicially determined that he failed to show cause why he cannot bring the action. It cannot be assumed that it was the intention of the legislative mind that judgment should be entered without an opportunity to do what the rule requires the respondent to

do. Yet such is the effect of holding with the appellant. The legislative intention was to furnish a remedy for quieting disputed titles, and keeping that purpose in view we must construe the statute so as to carry it out without producing anomalous and absurd results and depriving a man of his property without a hearing. We are, therefore, of opinion that the statute, as properly interpreted, requires the court when there is an appearance entered and an answer filed on the return of the rule to hear and determine the sufficiency of the answer, and if the court orders the rule made absolute, the respondent has six months from the date of the order to bring his action before judgment can be entered against him.

Our conclusion is sustained in principle in Spangler v. Trogler, 228 Pa. 217; Platt-Barber Co. v. Groves, 193 Pa. 475; Dewees v. Letchford, 10 W. N. C. 61, and Herron v. Fetterman, 3 Walk. 103. The first of these cases arose under the Act of 1889 and the others under legislation closely analogous to the provisions of that statute. The last cited case involved the construction of the Act of June 11, 1879, P. L. 127, the language of which, bearing on the question at issue here, is the same as that of the Act of 1889 except the time for bringing the action is ninety days instead of six months.

There is no merit in the appellant's suggestion that the respondent is not entitled to relief because he did not bring his action within six months after the rule was made absolute by the Common Pleas. That court made the rule absolute and entered judgment forthwith against the respondent. Had he brought his action while the judgment was in force, the court would have quashed the writ: Utley v. Cobb, 42 Pa. Superior Ct. 484. The judgment was reversed and the order making the rule absolute was modified so as to give the respondent thirty days therefrom to bring the action which was brought within the time and is now pending.

As the appellee has not appealed and is not complain-

ing of the thirty-day order made by the Superior Court, that question does not arise and need not be considered.

We are all of the opinion that the judgment of the Superior Court should be affirmed for the reasons above stated, and it is so ordered. Costs to abide the result of the ejectment.