Opinion by
 

 Parker, J.,
 

 In a proceeding under the Act of March 8, 1889, P. L. 10, as amended April 16, 1903, P. L. 212 (12 PS §1543, et seq.), to compel the bringing of an action of ejectment for, or to quiet the title to a tract of land containing 199 perches, the respondent, Richard J. Hoffman, claimant, did not answer the rule to show cause why ejectment should not be brought, but he did bring an action of ejectment five days after the expiration of a period of six months from the date of the service of the rule and before the rule was made absolute or judgment was entered against respondent by the court. After the ejectment suit was begun the petitioner moved to have the rule made absolute and for judgment against the respondent. The court below refused the motion. We agree with the conclusion of that court that the action in ejectment was brought in time.
 

 The original petition for a rule was filed on February 3, 1937. On that same day the rule was issued returnable February 15, 1937, and was served on respondent on February 6, 1937. The rule to show cause why the respondent should not bring an action of ejectment not having been made absolute at the time, the respondent, at the same term and number as that at which the original petition was filed, on August 11, 1937, brought
 
 *305
 
 action in ejectment against petitioner and his wife for a parcel of land described by courses, distances, and monuments and containing 18.5 acres, the said 199 perches of land described in the original petition being a part of the larger parcel. On August 18, 1937, the petitioner presented to the court below a motion to quash the writ of ejectment assigning a number of reasons, only two of which are now of importance; viz., because '(1) the action in ejectment was not brought within six months of service upon respondent of the rule to bring that action, and (2) the description in the writ of ejectment ivas insufficient. On October 27,1937, petitioner presented a motion to the court of common pleas to make the rule absolute and to enter judgment against the respondent for the lands described in the rule. That court, on November 15, 1937, refused the petitioner’s motion for judgment but quashed the writ of ejectment without prejudice to the plaintiff in the ejectment suit, the respondent. The petitioner, one of the defendants in the ejectment suit, has appealed to this court. There are two matters for our consideration, — the time within which the suit was brought and the sufficiency of the description in the ejectment suit.
 

 (1) The action in ejectment was brought in time. The Act of 1889, as amended by the Act of 1903, provides (12 PS §1543) : “Whenever any person, not being in possession thereof, shall claim or have an apparent interest in or title to real estate, it shall be lawful for any person in possession thereof, claiming title to the same, to make application to the court of common pleas of the proper county, whereupon a rule shall be granted upon said person not in possession, to bring his or her action of ejectment Avithin six months from the service of such rule upon him or her, or show cause why the same cannot be so brought; which rule may be made returnable to any term or return day of such court, and be served and returned as writs of summons are by law
 
 *306
 
 served and returned:......” The second section of that act provides (12 PS §1544) : “Whenever a person, claiming an interest in or title to such real estate, shall have been served, and shall fail to appear and show cause why such action cannot be brought within six months after such service, it shall be the duty of the court to enter judgment against the person served, and make the rule absolute, which judgment shall be final and conclusive between the parties, their heirs and assigns;......”
 

 The rule to show cause not having been made absolute when the praecipe for a writ of ejectment was filed, the latter action was brought in time:
 
 Foster’s
 
 Petition, 243 Pa. 92, 89 A. 819. In that case the rule was answered but the court of common pleas did not dispose of the rule until more than six months had expired from the time of its service, when the rule was made absolute and judgment was entered. On appeal to this court, the lower court was reversed (51 Pa. Superior Ct. 224) as to the entry of the judgment, and the respondent was given thirty days additional to bring the action of ejectment. On appeal to the Supreme Court, the action of this court was affirmed, Mr. Justice Mesteezat there saying (pp. 97, 99): “It follows, under the established practice, that the court must dispose of the rule before it can enter judgment by default on the part of the respondent. If this conclusion be correct we think it clear that the respondent must have an opportunity to comply with the order of the court if the rule is made absolute and he is required to bring his ejectment...... We are, therefore, of opinion that the statute, as properly interpreted, requires the court when there is an appearance entered and an answer filed on the return of the rule to hear and determine the sufficiency of the answer, and if the court orders the rule made absolute, the respondent has six months from the date of the
 
 *307
 
 order to bring his action before judgment can be entered against him.”
 

 This statement of the rule was cited and approved in
 
 Notley’s Petition,
 
 263 Pa. 377, 383, 106 A. 716. In
 
 Foster’s
 
 Petition, supra, there was an answer filed and in the present case there was not. Consequently, that case does not necessarily rule the present case. However, the cases last cited are clear authority for the proposition that a judgment may not be entered until after the rule is made absolute. This is equivalent to saying that there has never been a command to bring the action until after the rule is made absolute. In the present case the ¡rule has not yet been made absolute but the action in ejectment was started long since.
 

 In the case of
 
 Herron v.
 
 Fetterman, 14 W. N. C. 480, there was involved in principle the same question that is presented here. That case arose under the Act of June 11, 1879, P. L. 127 (12 PS §§1541-1542). The language used in the Acts of 1879 and 1889 is the same except that under the former act the period within which action was to be brought was ninety days. There the ninety days had expired without an appearance or answer by the respondent. A few days later the petitioner moved to have the rule made absolute for the reason that no answer had been filed. Notwithstanding the fact that the ninety days had expired, the court of common pleas gave respondent five additional days in which to file an answer. The Supreme Court, in affirming the lower court, said (p. 481): “The Court is not deprived of all discretion in regard to the time it shall hear and decide the rule and enter judgment. In this case, the action of ejectment was actually brought before a decision was rendered on the rule. The object of the application was substantially obtained in advance of the judgment. The rule was therefore properly discharged.” The law is still jealous of those rights of parties which affect title and possession of real estate
 
 *308
 
 and such rights are not to be treated lightly. In this case, just as in the Herron case, the ejectment was started before the rule was made absolute, the purpose of the rule was accomplished, and therefore the petitioner was not entitled to have the rule made absolute or to have judgment entered in his favor.
 

 The principle involved is not materially different from that adopted in construing the Practice Act of 1915 where it has been held that an affidavit of defense may be filed after the stated time and before judgment has been taken:
 
 Fuel City Mfg. Co. v. Waynesburg P. C.,
 
 268 Pa. 441, 446, 112 A. 145;
 
 Bordentown Banking Co. v.
 
 Restein, 214 Pa. 30, 63 A. 451.
 

 (2) In the praecipe for the writ in ejectment the respondent, plaintiff in the ejectment, as we have said, described a parcel of 18.5 acres by courses, distances, and monuments, but when the prothonotary issued the writ he omitted such boundaries and described the land as “situate in Dingman Township, in the said county, containing 18.5 acres or thereabouts, bounded by the waters of Sawkill Pond and the lands of John M. Hoffman.” We understand it to be conceded that the description in the writ was not a good description and it could not be used to prove title or right of possession, or in the event of a judgment in favor of plaintiff the sheriff could not identify the land claimed to deliver possession. This error, however, arose solely through the neglect of the prothonotary. The respondent did all that was required of him when he filed his praecipe with a proper description in the office of the prothonotary. As the court below suggested, an alias summons in ejectment may yet issue
 
 (Bennethum v.
 
 Bowers, 133 Pa. 332, 19 A. 361), and respondent is entitled to a reasonable time to cause such an alias writ, following the description in the praecipe, to be issued.
 

 (3) There is a third and controlling reason why the appellant is not entitled to a reversal. The description
 
 *309
 
 contained in the original petition was so indefinite that it would not support an order making the rule absolute. In that petition the parcel of land claimed by the petitioner was described as located in the Township of Ding-man, County of Pike and State of Pennsylvania, and “being part of a larger tract of land in the Warrantee name of Ludwig Yandermark No. 134, and described as follows: Beginning at a corner, thence South 74 degrees West 17% rods; thence South 45 degrees East 23 rods; thence North 1 degree West 22 rods to beginning. Containing 199 Perches.” Such a description might apply to innumerable locations in the warrant referred to. There was neither monument nor ad joinder fixing the location of the beginning point upon which the courses given were dependent. The description furnished by the petitioner is subject to the same criticism as is made against the description in the writ of ejectment. The appellant was never {at any time in a position to have had his original rule made absolute.
 

 The order of the court below is affirmed.