**NEW JERSEY FEDERATION OF YOUNG MEN'S AND YOUNG WOMEN'S HEBREW ASS'NS v. HOFFMAN.**

No. 1283.

District Court, M. D. Pennsylvania.

Feb. 25, 1939.

David Landau, of Scranton, Pa., for petitioner.

Eli Taylor Conner, 3rd, of Milford, Pa., for respondent.

WATSON, District Judge.

This case comes before the court for the disposition of a petition to open a default judgment.

June 1, 1937, the Plaintiff petitioned this court for a rule upon the Defendant to show cause why he should not bring ejectment against Plaintiff within six months. The rule was made returnable June 22, 1937. On July 12, 1937, the Petitioner was permitted to amend his petition of June 1, 1937, by the addition of a more particular description of the land involved. On the same day, July 12, 1937, the court made absolute the rule upon the Defendant to bring ejectment. Both the rule absolute and the petition to amend were served upon the Defendant on July 14, 1937. On January 10, 1938, the Defendant appeared and filed a motion to dismiss the above rule for want of jurisdiction of this court. Pursuant to this motion a rule was granted on Plaintiff, March 15, 1938, to show cause why the suit should not be dismissed. This rule was dismissed on December 17, 1938. December 22, 1938, upon motion of Attorney for the Plaintiff, the court ordered that a final judgment be entered in favor of the Plaintiff. The Defendant then filed, on December 27, 1938, a petition to open this judgment, which is now before the court for disposition.

█ This suit was brought pursuant to the Pennsylvania Act of Assembly of March 8, 1889, P.L. 10, as amended April 16, 1903, P.L. 212, 12 P.S. §§ 1543, 1544. The Defendant contends that the six month period provided in this Act is tolled by his petition to dismiss the rule. Although this precise question has never been before the Pennsylvania courts, the interpretation which has been placed upon the Act clearly disposes of this contention.

█ It has been decided that this Act permits the Defendant to elect one of two alternatives. He must either bring his action or appear on the return day and show cause why it cannot be brought, Foster's Petition, 243 Pa. 92, 89 A. 819; Notley's Petition, 263 Pa. 377, 106 A. 716. The Act accordingly provides for the granting of a rule to show cause why the action cannot be brought within six months, which rule shall be made returnable to a term or return day. If the Defendant fails to appear and answer or if his answer be adjudged insufficient, then the rule will be made absolute. Foster's Petition, supra. This rule absolute is a final order of the court and an immediate appeal lies if the Defendant wishes to question the validity or regularity of the order. West v. Hanna, 57 Pa.Super. 445. Hence, it must follow that where rule absolute has been entered the Defendant must bring his action of ejectment or appeal. In the case at hand, the Defendant did not appear on the return day nor did he file an answer. Accordingly, the rule to bring ejectment was made absolute on July 12, 1937. Almost six months later, on January 10, 1938, the Defendant, instead of bringing his action of ejectment, filed a motion to dismiss the rule for want of jurisdiction. The Defendant did not even accompany this motion with a rule to show cause which is necessary to bring the motion before the court for disposition and it was not until March 15, 1938, that such rule was granted by the court. This motion was not in compliance with the requirements of the Act, nor was it in compliance with the order of the court. It would be absurd to permit a Defendant to wait until almost six months after the rule has been made absolute to object to the rule where the statute clearly provides for a time when such objection should be raised. To permit this practice would defeat the purpose of the Act and delay the determination of the real controversy for a considerable period of time. the Defendant might easily have protected himself by instituting his ejectment proceeding at the same time he contested the jurisdiction of this court, but he did not see fit to do so. The Defendant has failed to avail himself of either of the two alternatives provided by the Act, and hence must suffer the penalty set forth therein.

█ The Defendant, also, contends that the default judgment cannot stand because the original rule was amended after the return day. The rule granted on June 1, 1937, described a definite tract of land of which the land in issue is a portion. It is clear that this description is not sufficiently definite to support a rule absolute. Metz v. Hoffman, 131 Pa.Super. 303, 200 A. 132. The Defendant did not appear and object to this description nor does he contend in his petition to open the judgment that he was injured thereby. Amendments are freely granted in present day practice where there can be no injury to the other party. The reason for the rule to show

cause is clearly stated in the Act and is for the purpose of permitting the Defendant to show why he cannot bring his action. It is evident, therefore, that if there is no reason why the Defendant should be excused from bringing his action of ejectment, a rule absolute is properly entered if at that time the rule to show cause is in proper form to support a judgment. In his motion to open the default judgment, the Defendant does not allege anything which would have prevented him from bringing the action nor any "cause" which might have been made the subject of an answer to the rule. Therefore, since a rule to show cause would not have been of any material advantage to the Defendant, he cannot be heard to complain where the defect in the rule to show cause was corrected at the time the rule was made absolute.

The Defendant claims that the default judgment should be set aside because the three day notice required by Rule 55 (b) of the New Rules of Civil Procedure, 28 U.S.C.A. following section 723c, was not given. Rule 55 provides that "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules * * * the clerk shall enter his default." The default for which judgment was entered in this case was not due to failure to comply with any requirement of the new rules. By the express terms of the rule itself, the rule does not apply in this case. Furthermore, the motion for judgment was filed January 22, 1938, which was nearly eight months before the new rules took effect. It must be clear, therefore, that the Rules of Civil Procedure are not applicable in the present case.

Both the rule absolute and the default judgment were signed by the court at a time when the court was not in open session. The Pennsylvania Statute provides that such acts must be performed by the "court". In view of the fact that this is a proceeding in equity, 28 U.S.C.A. § 13, furnishes authority for the manner in which these orders were made.

The other reasons advanced by the Defendant in support of his petition to open the judgment are entirely without merit and require no discussion.

Now, February 25, 1939, Defendant's motion to open the default judgment is refused and Defendant's petition to open the default judgment is dismissed.