## HOFFMAN v. NEW JERSEY FEDERATION OF YOUNG MEN'S AND YOUNG WOMEN'S HEBREW ASS'NS.
### No. 7062.

Circuit Court of Appeals, Third Circuit.
July 21, 1939.

Eli Taylor Conner, 3d, of Port Jervis, N. Y., for appellant.

David Landau, of Scranton, Pa., for appellee.

Before MARIS, CLARK, and BIDDLE, Circuit Judges.

BIDDLE, Circuit Judge.

Suit was brought by the plaintiff under the provisions of the Pennsylvania Act of March 8, 1889, P.L. 10, as amended by the Act of April 16, 1903, P.L. 212, 12 P.S. §§ 1543, 1544, which provides as follows:

Section 1: "Whenever any person, not being in possession thereof, shall claim or have an apparent interest in or title to real estate, it shall be lawful for any person in possession thereof, claiming title to the same, to make application to the court of common pleas of the proper county, whereupon a rule shall be granted upon said person not in possession, to bring his or her action of ejectment within six months from the service of such rule upon him or her, or show cause why the same cannot be so brought; which rule may be made returnable to any term or return day of such court, and be served and returned as writs of summons are by law served and returned."

Section 2: "Whenever a person, claiming an interest in or title to such real estate, shall have been served, and shall fail to appear and show cause why such action cannot be brought within six months after such service, it shall be the duty of the court to enter judgment against the person served, and make the rule absolute, which judgment shall be final and conclusive between the parties, their heirs and assigns; and thereafter no action of ejectment for the recovery thereof shall be brought by such person claiming an interest in or title to such real estate, or any person claiming by, from or under such person: Provided, That if the party served shall fail to appear and show cause, within the period of six months as aforesaid, he or she shall not in any event be liable for the costs."

The plaintiff filed its petition for a rule to bring ejectment on June 1, 1937, and an order was entered the same day, returnable June 22, 1937. No further action was taken until July 12, 1937, when the plaintiff filed a petition for permission to amend paragraph 8 of his original petition, which contained a description of the property in question, on the ground that the description was vague and in general terms. The amendment, however, in fact incorporated another and distinct tract of land. On the same day the trial judge granted the petition. The defendant had no notice of this petition and was not served with it until after the order allowing the amendment. On January 10, 1938, the defendant moved to dismiss the proceedings on the ground that the value of the land in question was less than the statutory amount of $3,000. An answer was filed to this motion and evidence was taken thereunder. On December 17, 1938, the trial judge denied the defendant's motion to dismiss. On January 22, 1938, the plaintiff had petitioned for final judgment; and on December 22, 1938, five days after he had denied the defendant's motion to dismiss, the trial judge entered final judgment in favor of the plaintiff. Notice of the entry of this final judgment was mailed on the same day to counsel for the defendant, who, on December 27, 1938, filed his petition to open and set aside the judgment, and that the defendant be given a further opportunity to proceed in the case. This petition was refused by the court on February 25, 1939; and the defendant appealed to our court from the final judgment

and from the order refusing to open this judgment.

▮ Strict compliance with the provisions of the statute have been required by the Pennsylvania decisions, since the statute is in derogation of the common law and is penal in its nature, because the respondent is forever barred from bringing an ejectment after final judgment. In re Foster's Petition, 243 Pa. 92, 89 A. 819; Metz v. Hoffman, 131 Pa.Super. 303, 200 A. 132; Mountain Spring Water Ice Company v. Lewis, 1911, 20 Pa.Dist. R. 89; Birkel v. Rhoad, 1907, 16 Pa.Dist. R. 956; Love v. Economy Building Association, 1881, 10 Wkly.Notes Cas. 257.

▮ The trial judge made the rule on the original petition returnable on June 22d. The Act states that this rule may be made returnable "to any term or return day of such court." June 22d was not a term or return day of the court. Rule 88 of the rules of the Middle District provides: "Every writ shall bear date on the day that it is issued and be made returnable on the first day of the next succeeding term; and provided further that the first Monday of August and the first Monday of September shall be additional return days to which all writs immediately preceding each of them shall be made returnable as though it were the first day of a term."[1] The rule to bring ejectment should therefore not have been made returnable before August 1, 1937, the first return day under the rules of court; and the order making the rule absolute cannot support a judgment.

▮ On account of the insufficient description of the real estate involved, the original petition could not support the rule. Judge Watson in his opinion said: "It is clear that this description is not sufficiently definite to support a rule absolute. Metz v. Hoffman, 131 Pa.Super. 303 [200 A. 132]". He concluded, however, that a rule absolute could properly be entered if at the time it was entered the petition had been amended. With this we cannot agree. The rule was granted immediately upon the filing of the petition, without giving the respondent an opportunity to reply. The amendment should have been made by a rule to show cause with an opportunity for the respondent to file an answer,[2] or by agreement of counsel.

▮ On the same day that the amendment was allowed the court made absolute the plaintiff's rule to show cause why the defendant should not bring his action of ejectment within six months, and directed the defendant to bring the action within six months from the date of the service of the rule or otherwise suffer judgment as to any claim in the property described in the plaintiff's amended petition. This action was taken in chambers, without notice when the court was not in session. The learned trial judge notes in his opinion that the Pennsylvania statute provides that "such acts must be performed by the 'court'", and adds: "In view of the fact that this is a proceeding in equity, 28 U.S. C.A. § 13 furnishes authority for the manner in which these orders were made". But this is not a proceeding in equity, but one at law. Metzgar v. McCoy, C.C., 105 F. 676; Heller v. Fishman, 278 Pa. 328, 123 A. 311; Warrington v. Brooklyn Trust Co., 274 Pa. 80, 117 A. 672; Oil City National Bank, Ex'r v. McCalmont, Ex'r, 303 Pa. 306, 154 A. 497.

▮ We have discussed certain technical errors in the record. A more substantial error is the entry of the default judgment. The amended petition was filed on July 12, 1937. Six months later, on January 14, 1938, the petition for final judgment was executed, and filed on January 22d. At that time, however, the respondent's motion to dismiss for want of jurisdiction was pending, and the court should not have acted on the petition for final judgment until the jurisdictional question had been disposed of, and the respondent given a reasonable time within which to file his answer. Moreover no notice of the filing of a petition for final judgment was given to the respondent. The final default judgment, as we have pointed out, was entered by the court, without notice, five days after the order dismissing the motion to dismiss for want of jurisdiction had been entered. The Pennsylvania statute has been wisely construed by the state courts not to permit this kind of practice; and

---

[1] Found, in substantially the same form, in Rule 11 of the Rules adopted October 19, 1938.

[2] Potter Title & Trust Co. v. Frank, 298 Pa. 137, 148 A. 50; Comrey v. East Union Township, 202 Pa. 442, 51 A.

1025; Tigoni v. Baltimore & O. R. Co., 116 Pa.Super. 117, 176 A. 830; Broad v. Winsborough, 6 Lanc.Rev. 20, holding that where a plaintiff amended his affidavit of claim he had to serve a new rule before he could have judgment.

in Re Foster's Petition, 243 Pa. 92, 89 A. 819, where the respondent had appeared and filed an answer denying the jurisdiction of the court, it was held that the final judgment could not be entered on the same day that the answer raising the jurisdictional question was held insufficient. The court was of the opinion that the respondent should have had additional time within which to bring his action of ejectment. The Pennsylvania Courts have not favored a construction of the Act narrowing the rights of the owner of the land, and have permitted the respondent to bring an action of ejectment after the expiration of the six months where no rule for final judgment had been entered. Metz v. Hoffman, cited supra, 131 Pa. Super. 307, 200 A. 134: "The law is still jealous of those rights of parties which affect title and possession of real estate and such rights are not to be treated lightly."

█ We have noted that the default judgment was entered without notice to the respondent although he had appeared in the action. Since this was a civil action it was subject to the Rules of Civil Procedure. Rule 55 (b) (2), 28 U.S.C.A. following section 723c, with respect to default judgment provides: "If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application." The respondent received no such notice. The default judgment was, for that reason also, improper. The fact that the motion for judgment had been filed before the new rules became effective is immaterial. They were in effect when the default judgment was entered. Rule 86 makes the rules "govern all proceedings in actions brought after they take effect and also all further proceedings in actions then pending, except to the extent that in the opinion of the court their application in a particular action pending when the rules take effect would not be feasible or would work injustice, in which event the former procedure applies." The court made no such finding and obviously would not have been justified in making one.

█ Appellant argues that the lower court was without jurisdiction. However, there was evidence, properly admissible, that the land involved, when considered in its rela-

tion to the petitioner's abutting land, was worth more than $3,000. This is a finding of fact which we must accept.

In view of what we have said with respect to the construction of the Pennsylvania statute and the necessity of following its provisions strictly, we are of the opinion that a rule to show cause should be entered on the amended petition returnable to the next regular return day, giving the respondent six months within which to bring his action of ejectment from the date of service of such rule.

Accordingly the judgment below is reversed and the record remanded to the lower court with directions to enter a rule in accordance with this opinion.