## Tarutis v. Hurwitz

*M. A. Glazier* and *E. F. McGovern*, for plaintiff.
*Louis Shaffer*, for defendant.

APONICK, J., May 5, 1943.—In this action in trespass, plaintiff applied to the court, after the expiration of one year from the date of issuance of the summons, for an extension of time for 60 days within which to file a statement of claim. The application was granted. Five days after the expiration of the 60 days, and before defendant had filed a præcipe for entry of a judgment of non pros, plaintiff filed a statement. Defendant now moves to strike the statement from the record on

two grounds: (1) That it was filed more than one year from the date of issuance of the summons; and (2) that it was not properly verified.

1. In regard to the first question involved, defendant relies upon rule 22 of the rules of this court, wherein it is provided, in substance, that a statement of claim shall be filed within one year from the commencement of action. The rule also provides that judgment of non pros shall be entered as of course by the prothonotary upon præcipe of defendant or his attorney.

In Fuel City Manufacturing Co. v. Waynesburg Products Corp., 268 Pa. 441, it was held that section 12 of the Practice Act of May 14, 1915, P. L. 483, which provides for the filing of an affidavit of defense within 15 days of the service of the statement of claim, was to be construed so as to permit a defendant to file his affidavit at any time up until the filing of præcipe for judgment by the plaintiff.

In Metz v. Hoffman, 131 Pa. Superior Ct. 303, the court held that an action in ejectment was brought in time, although it was after the six-month period fixed by the Act of March 8, 1889, P. L. 10, provided the rule had not been previously made absolute upon application of the petitioner.

We believe that we should adopt the same principle in construing the rule upon which defendant relies. As no judgment of non pros had been entered and no præcipe had been filed, the statement of claim was filed in time and should not be stricken off for that reason, despite the fact that more than a year had elapsed from the commencement of the action and the additional period had expired.

2. The affidavit attached to the statement of claim was sworn to before an attorney at law in New Jersey. There is nothing before us to show that such attorney had authority to take the affidavit. Section 9 of the Practice Act of 1915 requires a statement to be sworn

.to. Failure to comply with this requirement is authority for striking off the statement. It is, however, within the discretion of the court to allow the filing of an amended pleading in place of the one stricken off (section 21). We think this plaintiff should be given such an opportunity.

Accordingly, rule to show cause why the statement of claim should not be stricken off is made absolute and the statement of claim is ordered stricken off, with leave to plaintiff to file an amended statement of claim within 15 days from the date of this order.