## HERRON VS. FETTERMAN.

Under the Act of June 11, 1879, requiring ejectment to be brought in ninety days, the Court may extend the time of filing an answer for cause shown.

An ejectment brought before the rule is made absolute is not invalidated.

Error to Common Pleas of Columbia County. No. 168 January Term, 1884.

The facts of the case appear in the opinion of the Court below, which was delivered on February 5th, 1884, per

ELWELL, P. J.

Rule on the Commissioners of Columbia County to bring an action of ejectment in ninety days or show cause why the same cannot be brought.

This proceeding is under the Act of 11 June, 1879. On the 22d day of August, 1882, on the petition of Jane Herron and others, setting forth title and possession in themselves to a tract claimed by the respondents under a Treasurer's sale made in 1828, a rule was granted by the President Judge upon the respondents to bring an action therefor in ninety days from service of the rule, or show cause on the first day of December Term, 1882, (Dec. 4) why the same cannot be brought.

This rule was duly entered upon the dockets on the day it was granted, and was served on one of the Commissioners on the 24th day of August, and on the two other Commissioners on the 30th of the same month.

On the 11th day of December, 1882, being Monday of the second week of December Term, the counsel for petitioners moved that "the rule be made absolute, no answer having been filed." The attorney for the Commissioners applied for an extension of time to file an answer, whereupon the Court granted leave to file an answer within five days, and the hearing was continued to the 13th day of January, 1883.

On the 12th day of December an answer was filed, setting forth that the land had been duly advertised for sale by the respondents prior to service of the rule, and was sold on the following day, August 31st, 1882.

On the 13th day of January, 1883, leave was asked to amend the answer by filing the answer and petition of Charles G. Murphy, the purchaser from the Commissioners, on the 31st day of August, 1882. The filing of this answer was objected to by counsel for the petitioners. This objection was overruled by the Court. It is averred by this answer that C. G. Murphy purchased the lands in question of the Commissioners on the day last mentioned for a valuable consideration and that it was duly conveyed to him by deed of the 9th September, 1882, and that he then made preparations for bringing an action of ejectment, and caused such an action to be brought on the 2d day of January, 1883, to No. 52 February Term, 1883.

The counsel for the petitioners at the time of filing this answer moved that the rule be made absolute as of the 11th December, 1882, and that judgment be entered for the peti-

tioners as of the same date, contending that the statute imperatively required the Court to render judgment *then*, no answer having been filed. It will be observed that the rule was made returnable to the *second* term after it was obtained, and ninety-six days after service of notice, and that no motion was made that the rule be made absolute until one week after it was returnable.

The statute does not require that an answer shall be filed *before* the time fixed for showing cause. The practice under it must therefore be governed by the rules of Court. The 29th rule of Court provides that on rules to show cause, the respondent may file an answer thereto *at* or before the time fixed for the return of the rule. It also provides that the Court may by special order extend or diminish the time for filing an answer. The order of the 11th December, extending the time for filing the answer of the respondents, was in accordance with the standing rules of the Court and the constant practice under them. Whether the reason given for extending the time ought to have been considered sufficient or not, is of no importance now. Having extended the time it would have been manifest error for the Court *then* to make the rule absolute.

The time for hearing having been postponed until the 13th day of January, did not necessarily preclude the respondents from amending their answer. The answer of Mr. Murphy, the real party in interest was of no importance except as to the fact that an ejectment had been brought by him. Having purchased pending the rule, he had constructive notice of the rule.

If we should now make the rule absolute it could not affect the suit already pending; Dewees vs. Letchford, 10 Weekly Notes, 61; 37 Legal Int., 493 S. C. The Act only prohibits the bringing of an action after the rule is made absolute and judgment entered. We cannot enter judgment as of the 11th December, for the reason that petitioners were not *then* entitled to judgment, the case was not ready for a hearing.

The motion now to make the rule absolute as of that time must be refused.

Some reasonable limitation to the rights of purchasers at Sheriff's, Treasurer's and Commissioners' sales is necessary for

the quieting of titles, and removing doubt therefrom. What that limitation should be must be determined by the wisdom of the Legislature. But where, as under the Act of 1879, the Legislature has referred to the Court to determine whether an action could or could not have been brought within a certain time, and has provided that an adverse decision shall operate as a perpetual bar to any future action, the case ought to be a very clear one to justify the Court in making such a decision. A party and his counsel might in good faith conclude that the facts known to them constituted a good reason why an action could not be brought within ninety days, and yet if we are to give to the statute the sharp and stringent construction here contended for—if the judge hearing the rule should be of a different opinion, the doors of the Court are forever closed against it. A heavy penalty for a mistake in judgment, or rather for differing with the judge as to a proper conclusion upon facts. If the decision were required to be made and the limitation was as to a time afterwards, the danger would not be so great.

Upon careful consideration of this statute, I am of opinion that if an action is brought pending the proceedings and before a hearing, the making of the rule absolute cannot affect the pending action. And unless it clearly appears that the delay in bringing the suit after notice has been given is for the purpose of gaining some advantage over the party in possession, judgment, the effect of which is to deprive a party of the right of a trial by jury, ought not to be entered. So holding, I discharge this rule.

And now, Feb. 5, 1883, rule discharged, and it is directed that the respondents pay the costs.

---

The plaintiffs then took a writ of error, complaining of the action of the Court in not making the rule absolute on Dec. 11th, 1882, and in holding that this proceeding could not affect an ejectment brought before the rule was made absolute.

*John G. Freeze* and *A. J. Dietrick, Esqs.*, for the plaintiffs in error, argued that they were entitled to have the rule made absolute, and cited Love vs. Building Ass., 10 W. N. C., 257 ; Dewees vs. Letchford, 10 W. N. C., 61. Writ of error lies ;

Act May 22, 1722, 1 Sm. Laws, 138; Commonwealth vs. Judges, 3 Binney, 273.

*E. R. Ikeler* and *S. Knorr*, *Esqs.*, *contra,* cited Love vs. Building Ass., 10 W. N. C., 257 ; Erie vs. Bootz, 72 Pa., 199 ; Dewees vs. Letchford, 10 W. N. C., 61 ; Renninger vs. Thompson, 6 S. & R., 1 ; Porter vs. Lee, 16 Pa., 412.

The Supreme Court affirmed the judgment of the Common Pleas on March 17, 1884, in the following opinion:

PER CURIAM.

The Act of June 11, 1879, P. Laws 127, limiting the time within which an action of ejectment may be brought upon certain titles therein mentioned, must receive a reasonable construction. It is not the institution of the proceedings before the Court which bars the right to bring ejectment; but it is the judgment of the Court in making the rule absolute. It is this judgment which the Act declares "shall be final and conclusive between the parties, their heirs and assigns ; and thereafter no action of ejectment for the recovery" of the land shall be brought by the purchasers therein named ; or those claiming a holding under them. The Court is not deprived of all discretion in regard to the time it shall hear and decide the rule and enter judgment. In this case the action of ejectment was actually brought before a decision was rendered on the rule. The object of the application was substantially obtained in advance of the judgment. The rule was therefore properly discharged.

Judgment affirmed.