# Kennedy's Petition.

*Ejectment—Rule to bring ejectment—Life tenant.*

On a petition for a rule to bring action of ejectment within six months, it is no answer for the respondent to say that "she has not, does not and will not claim possession nor the right of possession to the land described in the petition so long as the petitioner lives;" nor is the respondent's admissions that the petitioner "has a life estate in said land and the right to possession thereof during her lifetime," any assertion that she has a life estate only, or that the respondent owns the remainder or the reversion. In such a case an assertion by the respondent that she cannot interfere with the petitioner's possession in the latter's lifetime, is a mere inference.

On a rule to bring an action of ejectment, the respondent in showing cause should state the facts with sufficient fullness to enable the court to determine whether the title, if any, under which she claims is such as can be asserted and enforced in an action of ejectment in the lifetime of the petitioner.

Argued Nov. 2, 1901. Appeal, No. 181, Oct. T., 1901, by Sarah Kennedy, from order of C. P. McKean Co., Oct. T., 1900, No. 299, discharging rule to bring ejectment in In re Petition of Sarah Kennedy. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Rule to bring ejectment within sixty days.

The petition for the rule was as follows :

That she is the owner and is in possession of that certain tract of land situate in the city of Bradford, county of McKean and state of Pennsylvania, bounded and described as follows, to wit : That certain piece, parcel or lot of land situate on the south side of Corydon street, in the second ward of the city of Bradford, county and state aforesaid, beginning at a point in the south line of Corydon street, sixty feet west of the northeast corner of land owned by A. C. Switzer and Lavinia Switzer, his wife, known as the slaughter house lot ; thence southerly parallel with the east line of said larger tract, known as the slaughter house lot, 100 feet ; thence westerly forty feet to a point ninety-seven feet south from the said south line of Corydon street, thence north ninety-seven feet to said south line of Corydon street ; thence easterly along said south line of Cory-

don street forty feet more or less to the place of beginning. Being same land conveyed to your petitioner by A. C. Switzer and wife by deed dated March 25, 1890; recorded in McKean county records in deed book, 63, p. 546, etc.

That one Elizabeth McCalmont claims an interest in and title to the said described real estate, but is not in possession of the same, wherefore your petitioner, being desirous of quieting the title thereto, respectfully requests that a rule be granted upon the said Elizabeth McCalmont to bring her action of ejectment within six months from date of service of said rule, or show cause why the same cannot be so brought.

The answer to the petition was as follows:

Elizabeth M. McCalmont, being duly sworn according to law, doth depose and say in answer to the petition of Sarah Kennedy, filed in the above stated case, and the rule of the court granted thereon, that she has not, does not, and will not claim possession nor the right of possession to the land described in said petition, so long as the said Sarah Kennedy lives; that this deponent admits that the said Sarah Kennedy has a life estate in said land, and the right to possession thereof, during her natural life, and this deponent does not intend to, and cannot interfere with such possession as she has no right thereto, during the natural life of said Sarah Kennedy.

*Error assigned* was in dismissing the petition.

*Eugene Mullin*, of *Mullin & Mullin*, for appellant.

*R. B. Stone*, with him *James George*, for appellee.

OPINION BY RICE, P. J., March 14, 1902:

The respondent does not deny the allegation of the petitioner that the latter is in possession of the land and holds under a deed duly recorded. Nor does she assert that this deed is not in fee simple. Why, then, cannot the respondent bring an action of ejectment? We can find no sufficient reason adequately set forth in her answer, and it is needless to say that we cannot consider facts of which there is neither allegation nor proof in the record.

1. Her concession, that " she has not, does not and will not

claim possession nor the right of possession to the land described in the petition so long as the said Sarah Kennedy lives,". is no answer. So far as appears this is a purely voluntary concession on her part. The very object of the act is to enable . the person in possession to have the cloud on his title promptly removed, and it may be of the greatest importance to him to have the question tried in his lifetime. It was not contemplated that this could be prevented by the respondent's mere voluntary concession, that he will not disturb the petitioner during his lifetime.

2. The respondent's admission, that the petitioner "has a life estate in said land and the right to possession thereof during her lifetime," is not an assertion that she has a life estate only, or that the respondent owns the remainder or the reversion. The respondent is very careful not to say what her claim is, or that she has any valid claim whatever.

3. The respondent's assertion that she cannot interfere with such possession in the lifetime of the petitioner is a mere inference. In showing cause she ought to have stated the facts with sufficient fullness to enable the court to determine whether the title, if any, under which she claims, is such as can be asserted and enforced in an action of ejectment in the lifetime of the petitioner.

For the reasons above suggested, we conclude that the answer is insufficient and the rule should have been made absolute.

The order discharging the rule is reversed and the record is remitted to the court below with directions to make the rule absolute and to enter judgment against the respondent unless within thirty days from the making absolute of the rule she shall have brought her action of ejectment for the land described in the petition.