# Welsh, Appellant, v. Clough.

*Ejectment—Rule to bring ejectment—Possession—Act of April* 16, 1903, *P. L.* 212.

An appeal from an order refusing a rule to bring ejectment within six months as provided by the Act of April 16, 1903, P. L. 212, will be reversed where there is no finding by the lower court as to whether the appellant is in possession of the whole tract, and if not, of how much of the tract he is in possession.

Where a petitioner for a rule under the Act of April 16, 1903, P. L. 212, is shown to be in actual physical possession of the land, his right to the rule cannot be defeated because his possession is under a title conveyed by the respondent to another person.

Argued Oct. 12, 1906. Appeal, No. 71, Oct. T., 1906, by plaintiff, from order of C. P. Forest Co., Feb. T., 1905, No. 8, discharging rule to bring ejectment in case of James C. Welsh v. L. S. Clough. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Reversed.

Rule to bring ejectment under Act of April 16, 1903, P. L. 212.

The opinion of the Supreme Court states the case.

*Error assigned* was order of the court discharging the rule.

*J. H. Osmer*, with him *C. W. Stone* and *R. W. Stone*, for appellant.—The badge or test of possession of woodland is " an exclusive use of the uninclosed woodland such as is customary among farmers: " McArthur v. Kitchen, 77 Pa. 62; O'Hara v. Richardson, 46 Pa. 385; Criswell v. Altemus, 7 Watts, 565; Hole v. Rittenhouse, 25 Pa. 491; Waggoner v. Hastings, 5 Pa. 300; Alden v. Grove, 18 Pa. 377; Fitch v. Mann, 8 Pa. 503.

In case of such use of woodland the possession is actual and not constructive: Ament's Executor v. Wolf, 33 Pa. 331.

The possession of an occupant by a colorable title is coextensive with his title: Green v. Kellum, 23 Pa. 254.

The actual possession of petitioner was not disputed, but it was sought by respondent to qualify the character of that possession by proof of title adverse to that of petitioner. Such proof had no place in this preliminary proceeding and is just the question and kind of question to be determined by the ejectment sought by petitioner to have instituted.

Under the facts of this case proceedings under the act of 1903 are petitioner's only remedy: Gans v. Drum, 24 Pa. C. C. Rep. 481.

*D. I. Ball*, with him *Hinckley, Rice & Alexander* and *A. C. Brown*, for appellee.—The only title attempted to be shown by the petitioner is by possession. To be effective, the possession of the intruder must be exclusive; the occupation also by the owner renders it a mixed possession, and so defeats the claim of the intruder: McArthur v. Kitchen, 77 Pa. 62; O'Hara v. Richardson, 46 Pa. 385; Royer v. Benlow, 10 S. & R. 303. And the acknowledgment of the real owner has the effect of preventing the adverse character of the occupancy: Criswell v. Altemus, 7 Watts, 565.

OPINION BY MR. JUSTICE BROWN, January 7, 1907:

These proceedings were instituted by the appellant under the Act of April 16, 1903, P. L. 212, to settle title to real estate. In his petition he claimed title to a tract of land containing 1,000 acres, averred that he was in possession of the same, and that L. S. Clough, the appellee, claimed title to and an interest in it. On the petition, answer and testimony taken by

both sides, the court found that the claim of title made by the petitioner had been sufficiently shown by two deeds offered in evidence by him, taken in connection with his testimony; and there was a further finding that " the testimony of the petitioner shows that he was living on the property with his family on or about June 25, 1903, and has continued to live there since that time, occupying the house on the premises and using the barn in connection with his farming operations—that he cultivated the cleared land, raising buckwheat, corn, oats, potatoes and hay —that he pastured his cattle on the woodland, and in the slashings—that he cut timber and posts for fences, and built fences —that he peeled bark on the property south of the Tionesta Creek, and that he had the property surveyed." In the opinion of the court the petitioner is clearly in possession of the cleared land, consisting of some seventy-five acres, but the rule for which he asks was denied him, even as to this portion of the tract, because his possession was under John Wilson, to whom the respondent had executed a deed for 200 acres, including the cleared land, and the possession was not such as is contemplated by the act. This was error, for it was not for the court in this proceeding, after having found that the petitioner's claim of title had been sufficiently shown, and that he was clearly in possession of the seventy-five acres, to say that he had not such possession of it as entitled him, as to it, to the rule asked for. The act says nothing of the kind of possession that the petitioner must have, but simply that any person in possession of the land, claiming title to the same, shall be entitled to its provisions. The jurisdictional facts entitling the petitioner to his rule were set forth in the petition and found by the court— title claimed and possession shown to at least a portion of the property. Whether his possession is under a title superior to his own—that conveyed by the appellee to John Wilson—is not a question to be determined in this proceeding. It is instituted under an act passed for the purpose of having a disputed right of possession determined in an action of ejectment, which the party not in possession, but claiming an interest in the land, must bring against the party in possession. Under the court's own findings the rule as to the seventy-five acres could not have been withheld.

Whether the petitioner was entitled to a rule requiring the

.respondent to bring his action as to the whole tract, the opinion of the court fails to inform us.   Though there is a finding that the claim of title as to the whole tract was sufficiently shown, we have nothing definite from the court as to the petitioner's possession of it.   As to this there should have been a finding, and without it we cannot determine what the right of the petitioner is.  We are compelled, therefore, to reverse the order dismissing the petition and remit the record, with direction that the court find whether the appellant is in possession of the whole tract, and, if not, of how much he is in possession, and that a rule be granted upon the appellee to bring his action of ejectment within six months for so much of the land as the appellant may be found to be in possession of.