Opinion by
Rice, P. J.,
This appeal is from an order, and judgment thereon, in a proceeding instituted under the Act of March 8, 1889, P. L. 10, as amended by the Act of April 16,1903, P. L. 212. It raises a question of practice of some importance. It is reasonable to hold that, where, though the respondent appears and answers, time enough remains after his answer is adjudged insufficient and the rule is made absolute to enable him to bring action within six months from the date of service of the rule, final and conclusive judgment may be entered against him, if he fails to bring his action within that period: Utley v. Cobb, 42 Pa. Superior Ct. 484. But where he appears and answers, and through no fault of his the rule is not heard and disposed of by the court within the six months, there is apparent merit in the contention that he ought to have a reasonable time thereafter, to be fixed by the court, within which to bring his action. This might not be so if the answer was plainly frivolous and manifestly intended for delay. But an answer may not be of that character, and may be made in the utmost good faith and upon the advice of competent counsel, and yet be adjudged insufficient. Whether it shows cause, is a preliminary matter to be determined by the court, and the respondent is entitled to have the judgment of the court upon it. Must he be deemed concluded by his failure to bring action within six months from the. date of the service'of the rule, even though at the expiration of that period that preliminary matter remains undetermined? We know of no decision of the Supreme Court or of this court, under these statutes, that absolutely rules the precise question. But there are at least two reported cases where, under such circumstances, the court, upon adjudging the petition to be sufficient and the an *227 swer insufficient, fixed a reasonable time thereafter within which the action must be brought. Thus, in Spangler v. Trogler, 228 Pa. 217, the court made the rule absolute and gave the respondent six months from the date of the decree within which to bring action. In Kennedy’s Petition, 19 Pa. Superior Ct. 482, we held, reversing the court below, that the rule should have been made absolute, and remitted the record with direction to enter siich order and to give judgment against the respondent unless, within thirty days from the making of the rule absolute, she should have brought her action. We do not cite these cases as adjudications reached after full discussion by counsel of the precise question involved in this appeal; but they do show, and for that purpose they are pertinent, that it has not been the uniform practice, upon adjudging the petition sufficient and the answer insufficient, at once to enter final judgment against the respondent, if the six months’ period has expired. The case of Platt-Barber Co. v. Groves, 193 Pa. 475, throws some light on what the practice ought to be. The Act of June 24,1895, P. L. 212, provides that there may be an appeal from the judgment of the Superior Court, if specially allowed by that court or by one justice of the Supreme Court; and the Act of May 19, 1897, P. L. 67, provides that the appeal must be taken and perfected within three calendar months from the entry of the order, judgment or decree of the Superior Court. An application for allowance of an appeal was made within three months from the date of judgment, but the rule to show cause, granted thereon, was not made absolute until after the three months had expired. Construing the act of 1897 literally, it was then too late to take and perfect the appeal; but it was held that the running of time during the pendency of the application was suspended. The case is not completely analogous, we admit, but we cannot see that the language of the statute there considered is any less rigid than that under consideration here, or that there is not equal occasion here for relieving from the consequences of the delay incident to bringing the rule to hearing and de *228 cisión. In the construction and application of the Act of June 11,1879, P. L. 127, which closely resembles the act of 1889, it was held that the court is not deprived of all discretion in regard to the time it shall hear and decide the rule and enter judgment: Herron v. Fetterman, 14 W. N. C. 480, and Dewees v. Letchford, 10 W. N. C. 61. The same is true here. Ordinarily the rule can be brought to hearing and decision within the six months, if due diligence be used, but, owing to pressure of business before the court, or causes not involving laches of the parties or their counsel, this may be prevented in particular cases. In such cases, when the respondent has appeared and answered, and his answer is not plainly frivolous or manifestly intended for delay, the court, upon adjudging it to be insufficient and making the rule absolute, should allow him a reasonable time thereafter within which to bring his action.
There is an additional reason why the judgment, as it now stands, cannot be affirmed. The petitioner alleged in his petition that he owned, and was in possession of, a tract of land, described by metes and bounds, containing about 118 acres; that the respondent, residing on an adjoining farm, claimed title to a triangular portion of it, also described by metes and bounds, containing from one-third to one-half an acre; and that he, the petitioner, was “desirous of settling the title to the aforesaid portion in dispute hereinbefore described or any portion of the aforesaid farm of 118 acres and 106.9 perches that is claimed by the said W. H. H. Smyers.” Upon presentation of this petition the court granted a rule on the respondent, returnable on the first day of the next term, “to bring his action of ejectment within six months from the service of this rule upon him for the within described triangular parcel of land or various portions of said larger farm as the said W. H. H. Smyers claims title or to show cause why the same cannot be brought,” etc. We remark in passing, that the indefiniteness of the rule itself furnishes an additional reason for holding that the respondent should have had reasonable opportunity to bring his action after *229 it was disposed of. It was important that he should know whether the court would require him to bring action for the entire tract or only for the triangular parcel. We need not recite the averments of the answer, .which was filed in due course; it is sufficient to say that it does not set up title or claim to any portion of the land described in the petition, except the triangular piece. In short, so far as the petition and answer showed, no other part of the land was in dispute. Notwithstanding this, judgment was entered in favor of the petitioner and against the respondent “for the 118 acres and 106.9 perches, described in said petition, and especially for the land described in said petition, containing from one-third to one-half acre of land therein, more particularly described, being adjacent to dam and creek.” In view of the state of the record, as shown by the petition and answer, it was erroneous, not to confine the order and the judgment to the triangular piece in dispute. But as to that parcel, we agree with appellee’s counsel that the answer was insufficient to relieve the respondent from the obligation to bring his action of ejectment or suffer judgment to go against him therefor.
The judgment is reversed, the order making absolute the rule is modified so as to apply only to the triangular piece of land described in the petition, and the record is remitted with direction to enter judgment against the respondent therefor, unless within thirty days from this date he shall have brought his action of ejectment for the land last referred to; the costs of this appeal to be paid by the appellee.