## Brewer *v.* Curtis, Appellant.

Argued October 25, 1937.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, James and Rhodes, JJ.

*Paul Cauffiel,* with him *W. F. DuBois,* for appellant.

*G. Mason Owlett,* with him *Walter P. Wells,* for appellee.

OPINION BY KELLER, P. J., March 4, 1938:

The opinion of President Judge LEWIS, as printed in the Reporter's statement, furnishes sufficient warrant for the lower court's order making absolute the rule on the respondent appellant to bring her action of ejectment.

As appellant contends that the cases cited by the court below do not sustain its action, we shall supplement Judge LEWIS's opinion by some additional cases which support it.

Appellant takes the position that if the respondent in her answer denies that the petitioner is in possession of the strip of ground in dispute and avers that she—

the respondent— is herself in possession of it, the rule must be discharged. Notwithstanding favorable dicta in some works on Practice, the Supreme Court cases construing the Act of March 8, 1889, P. L. 10, and its amendments of May 25, 1893, P. L. 131, and April 16, 1903, P. L. 212, do not support it. In order not to confuse the proceedings under the Act of 1889, as amended, with the rule for an *issue* to quiet title to land under the Act of June 10, 1893, P. L. 415, we shall restrict our discussion to the cases involving the Act of March 8, 1889, supra, and its amendments of May 25, 1893 and April 16, 1903.

Chief Justice MITCHELL in *Fearl v. Johnstown,* 216 Pa. 205, 208, 65 A. 549, said : "In clear cases the act of 1889 affords the simpler and more direct remedy and should have the preference. And it should not be defeated by a mere denial in 'the pleadings that plaintiff is in possession or that defendant is out, for that would make it too easy for an unwilling defendant to render the act ineffective."

In *Spangler v. Trogler,* 228 Pa. 217, 77 A. 495, the petitioner averred his possession of the cleared portion of the warrant in dispute and his cutting of timber, etc., on the woodland. The answer denied the petitioner's possession (p. 218). A replication was filed and testimony was taken, not to decide the title, but "to determine whether or not the court [had] jurisdiction under the facts to compel the defendant to bring his action" —that is, whether the jurisdictional facts as averred in the petition were present, viz., title averred in the petitioner and that he was in possession of the land claimed by respondent—and after considering the pleadings and the testimony taken, the court made the rule absolute, and the Supreme Court affirmed the order on the lower court's opinion.

In *Foster's Petition,* 243 Pa. 92, 89 A. 819, the answer of the respondent denied that the petitioner was the

owner of the land in dispute, that it was within the fence lines of his land or in his possession and averred that it was within the bounds of the tract owned by himself. The Supreme Court affirmed the judgment of this court (RICE, P. J.) in 51 Pa. Superior Ct. 224, and said, speaking through Mr. Justice MESTREZAT (p. 99) : "We are, therefore, of opinion that the statute, as properly interpreted, requires the court when there is an appearance entered and an answer filed on the return of the rule *to hear and determine* the sufficiency of the answer, and if the court orders the rule made absolute, the respondent has six months from the date of the order to bring his action before judgment can be entered against him." (Italics supplied.) The mere denial in the answer of the petitioner's possession and averment of respondent's possession did not of itself oust the court of jurisdiction to hear and determine the rule.

In *Welsh v. Clough,* 216 Pa. 276, 65 A. 677, there was a petition, answer and testimony taken. The Supreme Court, speaking through Mr. Justice BROWN, said: "The jurisdictional facts entitling the petitioner to his rule were set forth in the petition and found by the court—title claimed and possession shown to at least a portion of the property. Whether his possession is under a title superior to his own—that conveyed by the appellee to John Wilson—is not a question to be determined in this proceeding. It is instituted under an, act passed for the purpose of having a ,disputed right of possession determined in an action of ejectment, which the party not in possession, but claiming an interest in the land, must bring against the party in possession. Under the court's own findings the rule as to the seventy-five acres could not have been withheld. ...... We are compelled, therefore, to reverse the order dismissing the petition and remit the record, *with direction that the court find* whether the appellant is in

possession of the whole tract, and, if not, of how much he is in possession, and that a rule be granted upon the appellee to bring his action of ejectment within six months for so much of the land as the appellant may be found to be in possession of." (Italics supplied.)

In *Hemphill v. Ralston,* 278 Pa. 432, 434, 123 A. 459, the Supreme Court said, speaking through Mr. Justice SADLER: "Here an answer was filed denying either ownership or possession to be in petitioner, and a hearing had at which testimony of the respective parties was heard. Later, an order was made in which it is declared 'there is a substantial dispute as to which of the parties, plaintiff or defendants, is in possession, [and] we are of the opinion, therefore, that an issue should be framed, under the Act of 1893.' No conclusion was reached as to the person who actually held the tract in controversy. If it was not the petitioner, then, as already stated, the application must be dismissed, for a preliminary finding in the affirmative is necessary to confer jurisdiction, regardless of the act on which the proceeding was based. If the defendants are in control, the proceeding falls, for it must be instituted by the 'person in possession,' and when both parties are out of possession, the legislation referred to does not apply. ...... It is therefore clear that the present record must be remitted, so that the proper and necessary finding be made." Had the Supreme Court adopted appellant's contention it would simply have discharged the rule, instead of remitting the record to the court below to make a *finding* as to the petitioner's possession of the land in dispute, which was necessary to make the rule absolute.

These cases refute the contention of the appellant that a mere denial by her of petitioner's possession of the strip of land in dispute and her averment of her own possession of it deprive the court of jurisdiction of the proceeding and require the discharge of the rule. They hold, on the contrary, that where, as here, the

testimony taken in support of the answer, fails to show any substance in the claim of the respondent to have been in possession of the disputed strip at the filing of the petition, it is the duty of the court to find whether the petitioner was in possession, and if so, to make the rule absolute.

We agree with the court below that the mere laying of a sewer or drain under the surface of the ground is not possession of the *land* within the contemplation of the statute. If done by one in occupancy of the surface of the land, it is a use consistent with ownership and possession; but, of itself, it constitutes rather an easement in the land than possession of it. If of a character of which the servient tenement has, or should have, notice, it may ripen into a valid easement by prescription, but it does not constitute *possession of the land itself*.

The order is affirmed.