Paslawski (et al., Appellant) *v.* Borys.

Argued October 5, 1939.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, Rhodes and Hirt, JJ.

*Erich O. Angermann,* for appellant.

*James Dessen,* for appellee.

Opinion by Keller, P. J., January 30, 1940:

The order appealed from in this case arose under the Act of June 11, 1879, P. L. 127, as amended by Act of June 24, 1885, P. L. 152, 12 PS secs. 1541, 1542, These acts authorize any person who claims title to real estate that has been sold at sheriff's sale—that is, any person other than the defendant, as whose property the same was sold—and who is in possession of the said

premises, to present his[1] petition to the court of common pleas setting forth that he claims title to the premises in controversy and is in possession of the same, and praying for a rule upon the purchaser at said sheriff's sale, or any person holding title under such purchaser, to bring his action of ejectment within ninety days from the time the rule shall be made absolute, or show cause why the same cannot be so brought.

The appellant, Bessie Jaczyszyn, on March 6, 1939, presented her petition to the court below, under the Act of June 24, 1885, setting forth that she was the owner of premises No. 2044 Blavis Street, Philadelphia, having purchased the same from Nikolai Borys on January 25, 1937, and received from him a deed therefor dated January 25, 1937, duly acknowledged on February 5, 1937 and recorded in the Recorder's Office on February 19, 1937 in Deed Book D.W.H. No. 250, p. 53, etc. 'She averred that under date of February 5, 1937, she had leased the said property to George Edward Coplen, and that said tenant was still in possession of the premises. Her petition also set forth that on August 16, 1938 John Paslawski had caused a writ of fieri facias to be issued against said real estate under a judgment originally entered against *Mikola* Borys, on November 21, 1934 to 5039 June Term, 1935; that on July 5, 1938 at the instance of said Paslawski the said court made absolute a rule on the prothonotary to amend the docket entries and judgment index relative to said judgment, so as to read "John Paslawski v. Mikola Borys, also known as Nikolai Borys", and that on September 19, 1938 the said premises were sold by the sheriff under said judgment to John Paslawski for $60, and a sheriff's deed to him was acknowledged on September 26, 1938. She accordingly prayed that a rule be granted on said John Paslawski,

---

[1] In order to shorten the opinion we have used the singular person and masculine gender throughout, but the statute refers to 'person or persons' and 'his, her or their' petition, etc.

the purchaser of said property at the sheriff's sale aforesaid, to bring his action of ejectment for said real estate within ninety days from the time the rule should be made absolute, or show cause why the same cannot be brought.

The petition set forth all the requirements of the Act of 1885, supra, including title by deed from the owner, Nikolai Borys, executed, acknowledged and delivered and recorded prior to the amendment of the judgment on which the real estate had been sold by the sheriff to Paslawski, and the possession of the real estate by her tenant Coplen, and was sufficient to require an answer from John Paslawski setting forth facts sufficient to rebut her averments as to her deed from Borys or her possession of the real estate in question, or both.

Instead of doing so, Paslawski filed an answer raising questions of law, reserving, however, the right to answer the petitioner's averments of fact, if the court should resolve the legal questions against him.

The gist of the legal position taken by Paslawski was that as Mrs. Jaczyszyn had filed an answer to the plaintiff's petition to amend the docket entries and judgment index as aforesaid, following which testimony had been taken by the plaintiff Paslawski—Mrs. Jaczyszyn produced no testimony—the order of the court making the rule absolute, not appealed from, was *res judicata,* and conclusively established that a sale under the judgment so amended passed title to the purchaser free and clear of Mrs. Jaczyszyn's right and title under her deed from Nikolai Borys. The court below sustained this position and discharged the rule. The petitioner appealed.

The position of the appellee is wholly untenable. The order making the rule to amend the judgment absolute had, and could have, no effect whatever on Mrs. Jaczyszyn's title, if any, to the real estate. Such a rule is not a method prescribed in our law for trying title to real estate.

The plaintiff, Paslawski, in his replication to, or answer to new matter in, Mrs. Jaczyszyn's answer to the rule to amend the judgment correctly stated the law on the subject as follows: "It is denied that the amendment to the record in this case, nunc pro tunc, would deprive petitioner [Mrs. Jaczyszyn] of her rights as a bona fide purchaser without notice." So, too, the law was correctly stated by Paslawski in his answer to Mrs. Jaczyszyn's rule granted September 8, 1937, to show cause why a prior execution issued on said judgment, under which the real estate was advertised for sheriff's sale on September 20, 1937, should not be set aside, because the judgment was entered against *Mikola* Borys, whereas the name of the registered owner was *Nikolai* Borys, and she had purchased the real estate from *Nikolai* Borys, without knowledge of the judgment entered against *Mikola* Borys, in which answer he "averred that the legal title to the premises is not to be determined as a result of the execution entered against *Mikola* Borys on premises 2044 Blavis Street, Philadelphia. It is also averred that the question of rightful ownership will be determined in an ejectment proceeding and that the present execution will in no way affect the rights of the petitioner, Bessie Jaczyszyn." That rule was accordingly discharged on December 22, 1937.

It was probably that petition and rule of Mrs. Jaczyszyn's which put the plaintiff Paslawski on notice that an execution on a judgment against *Mikola* Borys would pass no title to real estate owned by *Nikolai* Borys and registered in that name, and induced him to take proceedings to have the caption, docket entries and judgment index amended so as to read "John Paslawski v. Mikola Borys, also known as Nikolai Borys."

The court, at that time, evidently recognized that the proposed amendment would affect no rights of Mrs. Jaczyszyn, if she was the innocent purchaser of the premises for value and without notice of Paslawski's

judgment being a lien upon it, and for that reason desired testimony on that point, not for the purpose of passing judgment upon her title, but solely to obtain information which would assist it in passing upon the question whether reasonable ground existed for amending the record of the judgment, in view of the outstanding title in Mrs. Jaczyszyn which had been obtained before the entry of a judgment against *Nikolai* Borys.

The original record sent up on this appeal is defective and unsatisfactory. It contains the brief or paper book filed by counsel for Paslawski "contra petition for rule to bring ejectment under the Act of June 24, 1885, P. L. 152, raising questions of law"—which has no place in the record of the case and should be eliminated from it—and it was, perhaps, from this paper book that the lower court in passing upon the present rule adopted as facts certain statements which appear in the history of the case in that paper book, but are not supported by the pleadings (petition and answer raising questions of law), which constituted the record on the rule.

The testimony taken on the rule to amend the record of the judgment was largely improper, in so far as it attempted to attack Mrs. Jaczyszyn's deed to the premises or show knowledge on *her* part that Paslawski's judgment versus *Mikola* Borys was really against *Nikolai* Borys. Even knowledge of her husband—and the testimony as to that was vague and shadowy—would not of itself be her knowledge. Mr. Marcu, who for some reason was most active in attacking Mrs Jaczyszyn's title, *volunteered* a ten-page running statement of his dealings and communications with her and her husband, including many which occurred while he was their attorney, and were consequently privileged, and could not be testified to by him, without their consent. Strangely enough, Mr. Marcu thought that *he* could waive the privilege. His testimony was replete with hearsay statements alleged to have been made by Mr.

Borys, which were wholly inadmissible. A deed signed, acknowledged, delivered and recorded cannot be invalidated in a collateral proceeding in this manner. On a trial in court, instead of depositions before a notary, much of Mr. Marcu's testimony would be inadmissible and he would be restricted to answering relevant questions, instead of volunteering statements. The affidavit of Borys prepared by some person in Philadelphia—who it was, does not appear—and taken by Mr. Sacks, a notary who was called in for the purpose, was not properly admissible on the rule and would not be admitted on a trial in court. The attempt to invalidate the deed because of an alleged inconsistency between the affidavit of value made by appellant's attorney, Mr. Doodan, under section 8 of the Act of May 16, 1935, P. L. 203, which was attached to the deed, and his 'certificate' on the back thereof was puerile. Besides, Pennsylvania state stamps to the amount of seventy cents were affixed to the deed under section 3 of said act, representing a consideration or value of $1400.

The substance of all the admissible testimony on the subject seems to be that Borys was always known as Nikolai Borys, but in signing his name the N looked like an M—one explanation was that the Ukrainian N is formed like our M—but he was never known as or called Mikola, but only Nikolai. And it also was established that Mrs. Jaczyszyn was the registered owner of 2044 Blavis Street.

In any event an order discharging Mrs. Jaczyszyn's rule on Paslawski to bring ejectment was not the occasion for disposing of her title on the merits. The order on the rule to amend the record of the judgment did not adjudicate anything beyond allowing the amendment to be made, and did not and could not affect the rights of any person which may have been acquired before the amendment was allowed, and it certainly did not pass upon and adjudicate Mrs. Jaczyszyn's title, or want of it, to the real estate in question.

Mrs. Jaczyszyn was not obliged to appeal from the order allowing the amendment of the judgment. In fact, if she had done so, the appeal would have been quashed, for it was not a definitive and appealable order as to her.

Mr. Paslawski's answer raising questions of law should have been overruled and he should have been directed to answer the averments of fact in the petition.

The practice under the Act of June 11, 1879, supra, was discussed in *Dewees v. Letchford,* 10 W. N. C. 61 and *Herron v. Fetterman,* 3 Walker 103, 14 W. N. C. 480. It was not greatly affected by the amendment of 1885. See also *Brewer v. Curtis,* 130 Pa. Superior Ct. 270, 197 A. 780; *Metz v. Hoffman,* 131 Pa. Superior Ct. 303, 200 A. 132, and *Foster's Petition,* 51 Pa. Superior Ct. 224; which treat of the practice under the cognate Acts of March 8, 1889, P. L. 10, May 25, 1893, P. L. 131, and April 16, 1903, P. L. 212.

It was stated in the opinion of the court below and also in the brief or paper book of Paslawski's counsel that Mrs. Jaczyszyn's tenant, George Edward Coplen, had attorned to Mr. Paslawski and was now paying the rent to him. There is no foundation in the record for the statement, but if it is a fact, it may be averred by Mr. Paslawski in his answer on the facts, and if it is disputed by Mrs. Jaczyszyn the court may hear testimony on the subject.

While it is the rule that a tenant will not be heard to deny his landlord's title, the question may arise how far that rule affects third persons. In order that Mrs. Jaczyszyn may have her rule made absolute, if her possession of the premises is disputed, it may be necessary for her to show that she has actual possession by a tenant of hers, and not merely constructive possession by some one who was her tenant but is now paying rent to another, who claims adverse title.

Of course, as possession in her is an absolute prerequisite to her rule being made absolute, if she is out

of possession she must bring ejectment herself, and cannot require Paslawski to do so. In either event, the disposition of the rule to amend the judgment is not res judicata on her right or title to the premises, and is not even admissible as evidence in an ejectment action, whether brought by Paslawski, or Mrs. Jaczyszyn, except to show permission by the court to the amendment, which can have no effect on the rights of innocent purchasers or lien creditors, who acquired their rights before the amendment was allowed.

Order reversed, with a procedendo. The plaintiff, Paslawski, to be allowed fifteen days after the return of the record to file a *responsive* answer to the averments of fact contained in the appellant's petition for rule to bring ejectment.