# First National Bank of Ebensburg et al. v. Cambria County

*Philip N. Shettig,* for petitioners.

*George M. Spence,* county solicitor, for respondent.

McKENRICK, J., August 25, 1944. — On July 8, 1940, a petition was presented to the court by the First National Bank of Ebensburg and the American National Bank of Ebensburg, both in Cambria County,

averring that they "are the owners of and are in possession of" five parcels of land situate partly in the Township of Cambria and partly in the Borough of Ebensburg, in the County of Cambria, and averring that title to said parcels of land was acquired by petitioners by virtue of a deed from the Sheriff of Cambria County dated March 18, 1940, and recorded in Cambria County in deed book vol. 399 at page 240, and averring further that "the County of Cambria claims an interest in or title to said described real estate, but is not in possession of the same, nor has said County of Cambria at any time heretofore been in possession thereof". Said petition prayed for a rule upon the County of Cambria to bring its action of ejectment for the real estate described in the petition within six months from the date of service of said rule, or show cause why the same cannot be brought. On the same day the court granted the rule prayed for, and to said rule the County of Cambria filed an answer, denying that petitioners are the owners and are in possession of the real estate in question, and further setting up that respondent, the County of Cambria, is the owner of a leasehold estate for a term of 20 years from September 1, 1937, in said real estate, by virtue of a written lease from Cambria County Fair, a copy being attached to the answer. The answer further averred that respondent is in sole possession and control of the premises through its sublessee, the Cambria County Fair Association, under a written lease dated November 16, 1938, a copy being attached to the answer. The answer admitted that petitioners purchased the interest of Cambria County Fair in the premises involved at sheriff's sale on March 2, 1940, and received a deed from the sheriff as averred in the petition, but set up that such sale was subject to the leasehold estate of respondent. The answer further averred that petitioners purchased from the sheriff with notice that re-

spondent was the owner of such leasehold and was in possession by its tenant. The answer further averred possession on the part of respondent since about September 1, 1937, and that respondent has at all times since the date of the deed from the sheriff to petitioners been willing to attorn to petitioners and recognize them as owners of the fee in said premises, subject to said leasehold. The answer further averred that respondent, as owner of the premises, sponsored a W. P. A. project whereby $150,000 was expended in repair of the improvements erected on said real estate, and in which employment to approximately two hundred citizens of the county resulted. On December 16, 1940, testimony was taken. That testimony provides the proofs upon which the court is asked to determine whether or not the rule should be made absolute.

The proceeding is founded upon the provisions of the Act of March 8, 1889, P. L. 10, sec. 1, as amended by the Act of April 16, 1903, P. L. 212, sec. 1, 12 PS §1543. The act as amended provides:

". . . whenever any person, not being in possession thereof, shall claim or have an apparent interest in or title to real estate, it shall be lawful for any person in possession thereof, claiming title to the same, to make application to the court of common pleas of the proper county, whereupon a rule shall be granted upon said person not in possession, to bring his or her action of ejectment within six months from the service of such rule upon him or her, or show cause why the same cannot be so brought . . ."

The question involved in this proceeding is, Were petitioners in possession of the real estate involved at the time when their petition for the rule was presented?

Recourse to the remedy provided by the act cited can be had only by one in possession and claiming title. If petitioners were not in possession and respondent had

possession, the provisions of the statute are inapplicable to the present proceeding. Possession by petitioners is, therefore, a jurisdictional prerequisite to the relief afforded by the act. If there is a substantial dispute as to petitioners' possession, such relief cannot be afforded.

The Act of June 10, 1893, P. L. 415, is applicable where there is a substantial contest as to the fact of possession. Under the Act of 1893 the court may frame an issue to be presented to a jury for determination of the question whether petitioners are in possession. If the jury, by its verdict, determines that petitioners are in possession, then respondent is compelled to bring an action in ejectment.

The Act of April 16, 1903, P. L. 212, supra, does not provide for the framing and trial of such issue, but the question is to be disposed of by the court, and if the court determines that petitioners are in possession the rule is made absolute.

It should be emphasized here that neither the Act of April 16, 1903, nor the Act of June 10, 1893, provides for the final determination of the title; both acts are preliminary to the actual action in ejectment and the trial whereby title is finally determined as being in the plaintiff or the defendant. It is not, therefore, incumbent upon us to determine in this preliminary proceeding the title to the land in question, which is known as the Cambria County Fairgrounds. The sole question for our consideration and determination is whether petitioners are in possession within the meaning of the statute under which the proceeding has been instituted.

The possession contemplated by the act is, we believe, physical possession and not the right of possession vested in a person claiming title. The possession must be an actual possession as distinguished from the legal possession which the law casts upon the owner

of a legal title: Kirk v. White, 36 Pa. C. C. 344; Hilborn et al. v. Wilson, 17 Pa. C. C. 346. We must, therefore, determine from the evidence before us whether petitioners are actually and physically in possession of the premises, and whether that possession was in petitioners when the proceeding was instituted.

The petition and the answer establish as a fact that petitioners acquired title by a deed from the sheriff on March 18, 1940. Petitioners contend that they were in possession under such title from the time of its acquisition to the presentation of the petition. Respondent contends that it was in possession under a lease from the Cambria County Fair, former owner, in whose name the real estate was sold to petitioners, and that said possession was through a tenant of respondent.

The answer does not deny that petitioners acquired title by the sheriff's deed, but sets up that such title is subject to the outstanding lease to respondent. Respondent offers to attorn to petitioners as owners. Evidence as to matters which go to the question of title was submitted by both parties, but such evidence is to be considered only as it affects the question of possession. Petitioners own the land, but respondent contends that this ownership is subject to the lease which is outstanding. Petitioners assert that they are in possession and that it, the respondent, is not in possession. The question of fact, therefore, as to possession or nonpossession by petitioners is to be passed upon by this court.

Where there is a substantial dispute as to the fact of possession, the Act of 1893, supra, is applicable. We think under the evidence there is no substantial dispute as to actual possession of petitioners as distinguished from the right of possession which may be vested in respondent under its lease. We are not to be understood as passing upon the validity of the lease

which respondent contends is outstanding. We are concerned wholly with the jurisdictional question which arises under the Act of 1903, namely, whether possession is in petitioners.

On September 27, 1937, Cambria County Fair, being the owner of the real estate in question, executed a lease thereof to the County of Cambria, said lease to run for a period of 20 years. On June 8, 1938, judgments were entered in the court of common pleas in favor of the First National Bank of Ebensburg and the American National Bank of Ebensburg. In both of these judgments Cambria County Fair was defendant. On November 16, 1938, after the entry of the judgments aforesaid, the County of Cambria executed a lease to Cambria County Fair Association covering the same premises, and having a term of 13 months, beginning January 1, 1939, and expiring January 31, 1940. On the judgments writs of fi. fa. were issued, and subsequently, on March 18, 1940, the sheriff's deed was executed and delivered.

Petitioners offered testimony to show that about the time of the sheriff's sale certain bills were required to be paid, and these bills were paid by the banks. Since the confirmation of the sale, insurance premiums of upward of $1,000 were paid. A caretaker was employed and paid by the banks, and the bills for the telephone on the grounds were paid by the banks. Approximately three thousand dollars was paid for repairs to the roofs of certain buildings on the premises, and all of these bills were paid by petitioners. There is no testimony in this case that the county paid any moneys in connection with the upkeep and care of the property.

It appears also that a group known as the Fair Association conducted fairs in the years 1938, 1939, and 1940. Since 1940 no fairs have been held on the premises. The lease from the County of Cambria to the

Fair Association expired January 31, 1940, and there is no evidence of a written renewal of this lease, nor a lease to any other individual or group. However, in 1940, the group comprising the Fair Association desired to hold a fair and, not being certain to whom they should go, requested permission from representatives of the banks as well as the county commissioners. In 1940 the Fair Association accounted to petitioners for their share of the proceeds. There is no evidence that the county in 1940, the year of the last fair, received any moneys from the Fair Association.

It will be noted in passing that the lease of September 27, 1937, between the Cambria County Fair and the County of Cambria provides, among other things:

"At the expiration of the term of this lease the Lessee shall deliver up possession of the land above described, and the buildings erected thereon, and all improvements and additional buildings which may be erected or constructed thereon in as good condition as the same now are, reasonable wear and tear and unavoidable accident by flood or fire excepted."

Notwithstanding this provision of the lease, which required the County of Cambria, lessee, to make repairs, the testimony shows that approximately three thousand dollars was expended by the petitioners for needed repairs to certain buildings on the premises. The expenditure of this substantial sum of money by petitioners is evidence that petitioners have been in possession, and the failure of the county to keep the buildings in repair and thus comply with this covenant to deliver up the land and buildings "in as good condition as the same now are" is, by the same token, evidence that the county has not been in possession. The caretaker has been paid by petitioners and petitioners have arranged for the renting of another dwelling on the premises, the rent to be paid to petitioners. There is nothing in the testimony to indicate that the

county had anything to do with either the employment or payment of the caretaker or the renting of the dwelling house. There is further testimony that petitioners leased the skating rink, one of the buildings embraced in the lease from the Cambria County Fair to Cambria County, without objection on the part of the county. All these acts are wholly consistent with the possession asserted by petitioners and inconsistent with the possession asserted by respondent.

It is not incumbent upon petitioners to transfer their place of business to the premises in order to have actual physical possession as required by the statute. They do, however, according to the testimony, have a representative, namely, the caretaker, actually residing upon the premises and reporting from time to time to petitioners such matters as are important for them to know. There is no evidence that respondent has had any physical possession of the premises since the expiration of the lease to the Fair Association. As has already been indicated, legal possession which the law casts upon the owner of a legal title, or which may, perhaps, be cast upon a lessee by virtue of his lease, is not sufficient possession to make the dispute as to possession substantial, thus requiring an issue to be framed and decided. It is, therefore, the duty of the court to determine whether petitioners are in possession, and we find as a fact that petitioners are in possession and entitled to invoke the remedy afforded by the Act of 1903. It is our duty, therefore, to make the rule absolute.

It will be noted that the act of assembly governing this case provides that the action of ejectment must be brought "within six months from the service of such rule", but clearly an action in ejectment cannot be brought within six months from the service of the rule because the rule was issued July 8, 1940, and six months have long since expired. It has been decided,

however, in numerous cases, that the six-month period runs from the time of the order making the rule absolute where an answer has been filed and testimony taken: Foster's Petition, 243 Pa. 92, affirming 51 Pa. Superior Ct. 224. We therefore make the following

### Decree

And now, August 25, 1944, the rule heretofore granted upon the County of Cambria to bring its action of ejectment within six months from the service of such rule upon it, or show cause why the same cannot be so brought, is hereby made absolute, and the said respondent is given six months from the date of this decree in which to bring said action of ejectment before being subject to the provisions of the Act of 1889 and supplements respecting judgment thereon, the costs of this proceeding to be paid by respondent.